CLAGGETT <i>v.</i> GRAY.

| 1    19|
|101  115|
| 1    19|
|106  148|

The Code of Iowa primarily contemplates that bills of exception shall be taken, and reduced to writing, before the verdict is rendered.

In the absence of express agreement or consent, the District Court possesses no power to sign bills of exception after the final adjournment of the court.

The time allowed under section 1806 of the Code in which to reduce bills of exception to form, should not extend beyond the final adjournment of the court.

Where the bill of exceptions is silent as to when it was settled, this court will presume that it was taken in term time regularly, or so settled by agreement, without any reference to the time of the filing.

Where such consent appears, either by the bill or agreement, or is not denied in this court by the appellee, the bill will be regarded as reduced to form, and made part of the record, within the time contemplated by law.

Where the bill of exceptions appears to have been taken in vacation, and consent is not shown in one of the methods indicated, and objection is made in this court, the bill will be stricken from the record.

As by a rule of this court no agreement will be recognized, where controversy arises, unless reduced to writing, the agreement or consent to settle bills of exception in vacation, should be in writing.

Affidavits cannot be received in this court to show consent or agreement that bills of exception may be settled and signed in vacation; nor can they be admitted to explain or contradict the record.

### *Appeal from the Lee District Court.*

IN this case a motion was made by Gray, the appellee, to strike from the record a paper purporting to be a bill of exceptions. Several reasons were assigned for the motion, but the only one insisted upon in argument was, that the exceptions were signed in vacation, and shows a want of consent on the part of the appellee to such signing at that time.

*Samuel F. Miller*, for the motion.

*Thomas W. Claggett, pro se, contra.*

WRIGHT, C. J.—The facts with regard to the time of the signing, as stated in the bill of exceptions, are as follows: It appears conclusively that at the trial the appellant excepted to certain rulings, but did not reduce the same to writing. And after setting out the exceptions taken, the judge proceeds to state that he is "requested to note the objections of plaintiff's (appellee's) counsel as to the time of signing the same, being three or four weeks since the adjournment of the court; but it is proper to state that the hearing for the motion for a new trial, and the determination thereof, were among the last acts of the court before its adjournment *sine die;* that time was asked and granted by the court to prepare said bill of exceptions; that the cour left in a day or two thereafter, to hold the Louisa and Henry courts; and that said bill was presented shortly after the return of said court." He also states that there was considerable other evidence on the trial, not remembered by the court, than what is set out in the exceptions, but none

Claggett v. Gray.

of it, as he states, bearing upon the special contract relied upon, except the deposition of one witness, the substance of which, on what would appear to be the main points in controversy, he gives.

With these facts, in connection with an affidavit of appellant (which we shall refer to hereafter), we are asked to give a construction to our statute; and, as far as possible, lay down some rule with regard to the point in controversy. The Code provides as follows: " Either party may except to any decision or opinion of the court. If for matter accruing during the trial, the exceptions must be taken and reduced to writing before the verdict is rendered, unless otherwise arranged by consent. And where a bill of exceptions is subsequently filed, such consent shall be presumed, unless the contrary is shown by the record." Sec. 1805. " Such exceptions must be in writing, but the court may allow such time as may be deemed reasonable, to settle and reduce the same to form." Sec. 1806.

The rules with regard to the time and manner of taking exceptions, are regulated by the laws of the different states, and the practice of courts under those statutes. There is, perhaps, no part of a record that becomes so important to the rights of parties in the appellate hearing. It is, therefore, just that when such exceptions are finally settled, both parties should have an opportunity to be present. In view of such rights, and the importance of these exceptions, our Code primarily contemplates that they shall be taken and reduced to writing before the verdict is rendered. The design of this is, that while the question is clear to the mind of the court—while the exact point ruled, and all the testimony bearing thereon is distinctly remembered—and the parties are present, the whole matter shall be settled. And in view of this fact, section 1806 of the Code provides that reasonable time shall be allowed to reduce the same to form. We cannot believe that in the absence of an express agreement, or consent, it was designed that such time was to extend beyond the adjournment of the court. In the absence of such agreement, has the judge any power to sign such

exceptions after the final adjournment of the court? Our opinion is, that he has not. It has been held that a judgment rendered after the last hour of the last day of the term, is *coram non judice* and void; and that it was erroneous to receive a verdict and render judgment, after the term had expired. *Davis* v. *Fish*, 1 G. Greene, 407; *Grable* v. *The State*, 2 G. Greene, 559. And why? Because there can be legally no court in existence after the time fixed for its adjournment. During vacation the law has wisely given to the judge certain powers, such as granting writs of *habeas corpus*, and matters of that kind. But this he does as sole judge, and not as a court, or possessed of any of the usual attributes or powers of a court. Does not our statute contemplate the settling of these bills of exceptions, as being a judicial act, a material something that pertains to a cause pending in court, and, as such, must be done in term time, as much so as that the judgment should be so rendered? The very character of these papers—their vital importance to parties litigant above suggested—that absence of the grant of power by the Code to settle them after the adjournment—the door that, by extending the time, would be opened to fraud and mistake—would seem to be conclusive on this subject. We would not, however, say that such exceptions might not be so settled, and reduced to form, by agreement. We would hold that such consent would confer the power, and to this extent, the analogy ceases between the exercise of this power and that of rendering a judgment; but as to such consent or agreement, we would lay down these rules:

Where the bill of exceptions is silent as to when it was settled, we will presume that it was taken in term time regularly, or so settled by agreement, without any reference to the time of the filing.

Where such consent appears, either by the bill or agreement, or is not denied here by the appellee, we will consider it reduced to form, and made part of the record within the time contemplated by law.

Where it appears to have been taken in vacation, and such assent is not shown in one of the methods above stated,

and objection is made in this court, we shall strike the bill from the record.

By a salutary rule of this court, no agreement will be recognized where controversy arises, unless reduced to writing. For this reason it is, that the consent above spoken of should be shown by writing.

In the case before us, the consent of the parties to settle this bill of exceptions in vacation, does not appear. It not only does not appear affirmatively, but is in terms negatived. It is true that the court granted time to prepare the exceptions, but it is not shown that the opposite party consented. At the time of preparing the bill, some three or four weeks after the adjournment, the appellee did object, and this is all that is shown as to any action of his in the premises. Under the rules above laid down, such consent is negatived. An affidavit, however, has been filed, to show that such consent was given. We do not think it will do to admit affidavits on such questions in this court. If we admit one to contradict or explain the record, we may any number, and thus perpetually have issues made, which are not contemplated in an appellate tribunal. We must go to the record from the court below, where controversy arises, and this is the only safe rule. This rule may operate badly in the case at bar; and if, in the enforcement of a rule that must be general, we could fairly exempt this case from its operation, we should be inclined so to do. If, however, the motion is still insisted on, it must prevail.