RICE and wife vs. REED.

WRIT OF ERROR: *Pending appeal with supersedeas.*

When an appeal has been granted to this court, with supersedeas, a writ of error will not lie until the appeal has been dismissed.

ERROR to *Phillips* Circuit Court.

Motion by defendant in error to dismiss.

*U. M. Rose,* for plaintiff in error.

*English & Ford, contra.*

WILLIAMS, Sp. J.    The plaintiff sued out of this court a writ of error in this case.

Defendant has pleaded, in abatement of the writ, that plaintiff, during the same term in the court below, at which the judgment was rendered, had prayed an appeal to this court, which the court below granted; and that plaintiff had filed in said court a supersedeas bond, whereby the execution of the judgment was stayed until the determination of said appeal; and while said appeal was pending and undetermined, and the execution of the judgment stayed and superseded as aforesaid, sued out the writ of error, etc.    To this plea, plaintiff in error demurred.

It has been well settled in this court that where an appeal has been taken in the court below, and dismissed by this court without a hearing upon the merits, that a writ of error would lie, and under the said practice an appeal might be granted by the clerk of this court.

We decide at this term that where such an appeal is taken, and not perfected by filing the transcript in this court within the time prescribed by law (ninety days) after the same is taken, that an appeal may be granted by the clerk of this court, where there was no supersedeas bond given.

In the case of *Clay, Adm'r, v. Notrebe's Ex'rs*, 6 Eng., 631, Clay appealed to this court, and the affidavit and supersedeas bond were filed in the court below, and the appeal was then granted and the judgment superseded. He afterwards took out a writ of error to the same judgment from this court, and brought the case here by writ of error. Notrebe's executors pleaded, as has been done here, in abatement of the writ, the pending of the appeal, setting up the facts of its having been granted, and the supersedeas, etc.

Judge Scott, delivering the opinion of the court, put great stress upon what he deemed to be the fact, that the appeal was not pending here, an issue that was really immaterial; and under what we consider a misapprehension of the law, it was ruled that the writ of error in that case should be sustained.

Afterward, in the case of *Yell, as Gov., v. Outlaw*, 14 Ark., 415, Chief Justice WATKINS, in delivering the opinion of this court, says: " In *Clay v. Notrebe*, 6 Eng., 631, this court went so far as to refuse to abate a writ of error upon a plea that an appeal had been taken in the court below with stay of execution in the same cause. Though the decision then turned upon the issue made by the pleading, whether the appeal had been in fact pending in this court, the judge delivering this opinion is constrained to think it was an immaterial issue, be-

cause where there has been a supersedeas, the option of the appellant to abandon his appeal and bring error is inconsistent with the right of the appellee, under the statute, to have an affirmance of the judgment, unless the appeal is diligently prosecuted; besides, upon appeals taken in the circuit court, the stay of execution does not depend upon the opinion of any court or judge who, in his discretion, may think there is probable ground of error, but the suspension is demandable at the pleasure of the appellant upon the sole consideration of his ability to furnish satisfactory security."

This statement professes to be nothing but the individual opinion of the judge delivering the opinion, and is *dicta* in that case. But if the statute, under which those decisions were made, caused hesitancy in giving assent on the part of the judge of the experience of the chief justice, who delivered the opinion in *Yell v. Outlaw*, how much more should we hesitate when we administer the law not only under a rule which authorizes the same steps to affirm on the part of the appellee, alluded to by the chief justice in the above quotations, but we have also a statute now which gives to the appellee the right to file the transcript with like effect as though the same were filed by appellant (sec. 863, Civil Code), and the limitation of ninety days provided by sec. 862, within which appellant is required to file the transcript, does not apply to appellee. It would not comport very well with judicial regularity to have the same cause pending here on appeal, or on application of appellee for its affirmance, or final hearing on appeal and for judgment on the bond, and also on writ of error sued out at the instance and in behalf of another party. We hold that whenever a supersedeas bond has been filed, and the judgment of the court has been in fact superseded, no writ of error lies, nor can an appeal be granted in this court until the appeal is dismissed, thereby disposing of the right of ap-

pellee to invoke the aid of this court, and leaving him to pursue his legal remedies, such as they may be, against the security in the appeal bond. In so far as the case of *Clay, Adm'r, v. Notrebe's Ex'rs*, 6 Eng., 637, conflicts with the views herein expressed, if there be a conflict, the same is overruled.

Finding the plea in abatement sufficient in law, the demurrer is overruled, plaintiff in error can reply and put the facts in issue, and on failure to do so, the writ will be dismissed.

Hon. E. H. ENGLISH, C. J., did not sit in this case.