[No. 729. Decided January 24, 1893.]

AGNES REICHENBACH, *Respondent*, v. W. A. LEWIS *et al.*,
*Appellants*.

#### APPEAL—NEW NOTICE PENDING APPEAL.

A second notice of appeal cannot be filed by an appellant pending the consideration of a motion to dismiss his first appeal.

*Appeal from Superior Court, Spokane County.*

*Feighan, Wells & Herman*, for appellants.

*F. T. Post*, for respondents.

The opinion of the court was delivered by

STILES, J.— Appellants served a notice of appeal February 16, 1892, and within the time required by law filed said notice and a proper bond. Thereafter, and on August 2, 1892, respondent served upon appellants' attorneys a motion to dismiss said appeal upon the ground that no transcript had been prepared and filed with the clerk of this court, and that the time for such filing had expired. Said motion to dismiss was heard October 14, 1892, and the appeal dismissed. It appears that immediately after the service of the motion to dismiss, appellants served another notice of appeal and a bond. The appeal based on this second notice is now moved against, and it must also be dismissed.

Pending a motion to dismiss a perfected appeal, the cause was in this court, and no new notice of appeal filed in the superior court during such pendency would have any effect.

Appeal dismissed.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.

## ON PETITION FOR RE-HEARING.

STILES, J.— The judgment in this case was entered February 9, 1892, and on the 16th day of the same month the notice of appeal was given. No transcript was filed in this court within sixty days thereafter, and on the 15th day of October, 1892, upon motion of the respondent, the appeal was dismissed.

At that time it appeared that the record in the case was on file in connection with a second notice of appeal which had been given August 8th. After the notice, a motion to dismiss had been given. No excuse whatever was furnished upon the hearing of the motion for the delay in filing the transcript. The second appeal coming on to be heard has been dismissed because the notice of appeal was given at the time that the first notice was in force, and because there was on the 8th of August no matter pending in the superior court to which a notice of appeal could be addressed. Appellants now ask that, under what they conceive to be the rule laid down in *Hill v. Finnegan*, 54 Cal. 311, the record and the first notice of appeal be taken together and that the cause be heard.

The right to appeal under our constitution is perhaps one which could not be taken away even by the legislature, but the method of appealing and the time within which the appeal may be taken is certainly subject to statutory regulation. Each state has its own laws upon that subject, and the constitution of the United States has no bearing upon or authority over it. Therefore, while the statutes and rules of the supreme court of California may constitute precedents, they are of no binding force anywhere outside of that state. So far as the dismissal of the first appeal was concerned, our statute (Code Proc., § 1419) is the only guide which this court has.

An appellant has six months in which to appeal, and

after the notice of appeal is given he has sixty days within which to file the transcript in this court, and he has such further time as may be necessary if the cause for not filing it is found in any failure of the clerk of the superior court, or any other circumstance over which the appellant has no control. There was no showing of any of these matters sufficient to extend the time upon the motion to dismiss the first appeal, and it was not taking advantage of any technicality on the part of the respondent to move to dismiss, nor was it due to any failure of this court to regard any section of the statute providing for liberal construction, or for hearing causes upon their merits, that the order for dismissal was made. Both the motion and the order were based entirely upon the negligence of the appellants in failing to take the requisite steps within the reasonable time provided by law.

As to the second dismissal, it seems to us that the fact that a valid appeal had been taken and was pending should be sufficient without any argument to show that no such proceedings ought to be recognized. During all the time that the first notice was undisposed of, the respondent was held back from taking any action toward the recovery of her judgment. The May session of this court passed and there was no record here ready for the hearing. The October session approached and the time for setting causes arrived and the record for the second appeal was only filed on the 26th day of September. No briefs were filed, and the cause could not be heard at that session; and thus, owing to the failure of the appellants, eleven months elapsed before it could be set down for trial in its order. Under these circumstances, the appellants are not entitled to appeal to any equitable features of the statute, and they certainly do not come within any portion of its letter.

However, for the reason that the appellants are so strong in their insistence that they should be heard and that great

injustice has been done them by the refusal of the superior court to open the judgment and let them in to defend, after their default had been entered, we have taken the pains to look into the record and to consider the brief of appellants on the two points urged by them, and do not find either of them well taken.

Petition denied. .

HOYT, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J., concurs in the result.