HARRY NEWBURY v. GETCHELL & MARTIN LUMBER AND MANUFACTURING COMPANY, Appellant.

**Appeal:** FILING ABSTRACT: *Affirmance on motion.* Rule 28 provides that an appeal may be dismissed or the order or judgment appealed from affirmed, upon motion of appellee, where appellant does not file abstract thirty days before the second term after appeal is taken, unless further time is given by the supreme court or a judge thereof. The rules of the court regarding the preparation and submission of causes have the force of law, and the Code provides that abstracts shall be filed in accordance with rules so established. *Held,*

*a-2* Rule 28 is a copy of the statute and Rule 20 is a creation of the court.

*b-3, 4* If the two conflicted, and they do not, the statutory one rules.

*c-5* The court cannot waive a statutory rule which the statute does not authorize it to waive.

*d-13* Rule 28 is mandatory; Rule 20 provides only that, at least thirty days before the day assigned for the hearing of a cause, appellant shall serve abstract and shall file the same at least fifteen days before the first day of the term for which the cause is to be docketed for trial. It does not govern where the thirty days before hearing and said time before docketing reach a time later than thirty days before the second term after appeal is taken. Neither is the period fixed at thirty days before the second term a license to delay till then. It is, instead, a limit to delay, and if the abstract should be filed sooner, under other rules, Rule 28 does not extend the time as fixed by these other rules. Rule 90 simply authorizes the court, or judge thereof, under peculiar circumstances, to waive or modify the rules relating to abstracts.

RELIEF ON MOTION: *Affirmance or dismissal.* Where appellee has the right to have an appeal "dismissed or the judgment or order affirmed" for failure of appellant to file an abstract within a specified time, the court will grant that form of relief best calculated to do justice; which, in most cases, will be the relief first asked.

WAIVER. The right to dismissal or affirmance on motion may be waived by agreement or consent, by failure to insist upon it and perhaps in other ways; or appellee may be estopped by his conduct to assert the right. But where no such matters intervene the right exists though the abstract is on file when the motion is made.

**Second Appeal.** A second appeal taken while the first is pending, and within six months after judgment, is without effect and will, on motion, be dismissed, as a matter of form, on the affirmance of the judgment.

EXTENSION OF TIME: *Grounds.* An extension of time in which to prepare a case for submission to the supreme court will be granted where the delay is occasioned by unforeseen demands upon an attorney's time and no injury will be caused the other party; but where he has no reasonable grounds for believing he can submit the case in time or knows that he cannot do so, it is his duty to so inform his client, or obtain assistance

*Notice of application.* Notice of an application to extend the time for filing an abstract of record should be served on the adverse party or his attorney.

*Time of application.* The extension of time wherein to file abstract, provided for by Rule 28 cannot be granted after the time for filing, allowed by that rule, has expired.

*Nunc pro tunc order.* The supreme court has no authority to make an order *nunc pro tunc*, to the effect that an abstract filed after the expiration of the time prescribed by Code, 1873, section 4120, be considered as filed in time.

BILL OF EXCEPTIONS: *Jurisdiction.* The filing of a bill of exceptions is not necessarily jurisdictional, as is the service of a notice of appeal.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge. ·

WEDNESDAY, OCTOBER 5, 1898.

ACTION at law submitted on motions and applications for a modification of the rules.—Judgment *affirmed.*

*N. T. Guernsey* for appellant.

*Thos. A. Cheshire* for appellee.

ROBINSON, J.—The final judgment from which the appeal in this case was taken was rendered against the defendant on the sixth day of November, 1897. On the ninth day of the same month the defendant served notice of appeal, and secured the clerk of the district court his fees for a transcript.

On the twelfth day of April, 1898, the appellee served upon the · appellant a motion to affirm the judgment of the district court on the ground that the appellant had not filed in the office of the clerk of this court, thirty days before the second term after the appeal was taken, an abstract of the record. The appellee had the case docketed, and filed with his motion a certified copy of the judgment, *supersedeas* bond, notice of appeal, and proof of service thereof. On the same day the appellant filed an application for an extension of time in which to file an abstract, and two days later filed its abstract. On the twenty-seventh day of that month the appellant applied to a judge of this court for an order that the filing of the abstract should stand as a sufficient compliance with the rules of this court, and that the rules be waived or modified for that purpose. There has not been a ruling upon either application. On the fifth day of May, 1898, the defendant caused to be served a second notice of appeal, and six days later the appellee served, and on the next day filed, a motion to dismiss that appeal. Resistance has been made to the several motions and applications mentioned, and written arguments have been filed.

I. The motion of the appellee to affirm is based upon section 28 of the statutes and rules regulating the practice in this court, which is as follows:

"Sec. 28. If an abstract of the record is not filed by appellant thirty days before the second term after the appeal was taken, unless further time is given by the court, or a judge thereof for cause shown, the appellee may file an abstract of such matters of record as are necessary, or may file a copy of the final judgment or order appealed from, notice of appeal and return of service thereof, certified by the clerk of the trial court, and cause the case to be docketed, and the appeal upon motion shall be dismissed, or the judgment or order affirmed."

So much of that section as is involved in the question before us is a copy of section 4120 of the Code.

In support of the application for further time in which to file an abstract, the appellant filed an affidavit of its president, which shows that the appeal was taken in good faith, and that Mr. Guernsey, the attorney for the appellant, had been instructed to perfect the appeal, and present the cause in this court. The application was also accompanied by the affidavit of Mr. George R. Sanderson, an attorney engaged as an assistant in the office of Mr. Guernsey. Mr. Sanderson's affidavit states, in effect, that preparation of the abstract was commenced by Mr. Guernsey about the first of January, 1898, and that he worked upon it from time to time, as his other engagements would permit, and completed a copy thereof for the printer on or about April 7, 1898; that since the taking of the appeal Mr. Guernsey had been engaged "in the preparation for submission and in the actual trial of many important cases in the United States supreme court, supreme court of the state of Iowa, United States circuit courts in Iowa and other states, and in the state courts of Iowa and other states, and has been frequently absent for several days at a time from his office in giving attention to said cases and other professional engagements." The showing made by these affidavits and by others attached to the second application fully establishes the fact that the appeal was not taken for delay, but in good faith, because Mr. Guernsey believed that the judgment should be reversed for substantial reason affecting the merits of the case.

One of the questions presented by the first application, although not controlling, in the view we take of the case, is important because of its frequent recurrence in motions to dismiss or affirm in this court. It is, what will excuse an appellant for failure, by reason of demands upon the time of his attorney, to have his cause ready for submission at the time fixed by the rules or order of the court? To do justice is a chief object of litigation, and when instituted it should be prosecuted with reasonable diligence. A party should not

be permitted to delay it without satisfactory cause. It is our practice to make due allowance for unexpected and unavoidable demands upon the time of attorneys, whether due to business or sickness or other cause. But unnecessary delay in the prosecution of a cause may operate as a denial of justice, and the rights of all parties must be kept steadily in view. An attorney having charge of a case, in consequence of unforeseen demands upon his time and without fault on his part, may be unable to prepare his side of a cause for submission within the time prescribed by the rules; and in such cases, where we have the power to grant an extension of time, and injury to other parties will not result from such an extension, we do not hesitate to grant it if asked. But if the business of an attorney is so large that he has no reasonable grounds for believing that he can submit his cases within the time prescribed by the rules, or if he knows that he cannot do so by reason of long-continued sickness or other cause, it is his duty, if the adverse party will not consent to delay, to obtain the assistance of another attorney, if he be authorized to do so, or to inform his client of the emergency, in order that arrangements may be made for a timely submission. It does not appear from the affidavit of Mr. Sanderson that Mr. Guernsey had any unexpected demands upon his time which caused the delay in the completion of the abstract. So far as is shown, the business he was called upon to transact during the time in question, although seemingly large, was no more than he was ordinarily required to do.

II. The second application was made under section 90 of the rules of this court, for a waiver or modification of the rules respecting the time of filing abstracts. Section 90 provides that "when, by reason of peculiar circumstances, the foregoing rules relating to abstract, preparation and argument of causes, ought to be waived or modified in any case," an order to that effect may be made by any judge of this court in vacation, upon due application

and notice.  The showing made in support of the second appli-
cation is that the appeal was taken in good faith, and not
for delay; that Mr. Guernsey was exceedingly busy with pro-
fessional work, but intended to complete and file the abstract
within the time required by the rules; that he knew that
changes in the rules were made in the year 1897, and, in order
to be certain to have the abstract filed in time, he requested
Mr. Sanderson, at several different times, to examine the rules,
and ascertain and inform him when they required that the
abstract be filed; that the abstract was ready for the printer
on the seventh day of April, when, in order to be certain of
the date, he again asked Mr. Sanderson when the abstract
should be filed under the new rules, and was informed by him
that it was not necessary to file it before April 21st; that the
abstract could have been printed and filed by April 9th, which
would have been in time, but, in consequence of the informa-
tion given by Mr. Sanderson, was not filed until April 14th,
or less than thirty days before the next term of this court.
It is further shown that Mr. Sanderson had practiced law
for eighteen years, and was regarded by Mr. Guernsey as com-
petent and reliable; that Mr. Sanderson, in giving the infor-
mation which caused the delay in filing the abstract, had not
observed section 28 of the rules, but had examined and relied
upon section 20, which provides that, "at least thirty days
before the day assigned for the hearing of a cause, the appel-
lant shall serve upon each appellee, or his attorney," a printed
copy of the abstract, and that "the appellant shall also, fifteen
days before the first day of the term for which the cause is
to be docketed for trial, file with the clerk, twelve copies of
said abstract."  The first day of the May term of this court
commenced on the tenth day of May, and the causes from Polk
county were assigned for hearing on the twenty-third day of
the month.  Therefore, if section 20 of the rules had alone
governed the time of filing, Mr. Sanderson's statement to
Mr. Guernsey would have been correct.  But section 20 must

be construed with section 28. If there were conflict between the two sections, so much of section 28 as is copied from section 4120 of the Code would necessarily prevail, for the reason that section 20 is not statutory. It is true that rules of this court in regard to the preparation and submission of causes have the force of laws duly enacted. *State v. Day,* 68 Iowa, 213. It is also true that section 4118 of the Code provides that "printed abstracts of the record shall be filed in accordance with rules established by the supreme court," but the authority thus given must be so exercised as to conform to the statute. We do not think, however, that there is any conflict between sections 20 and 28 of the rules. Section 28 does not give to the appellant the right to delay the filing of an abstract until thirty days before the second term after the appeal was taken, but merely provides that if not filed thirty days before such term, and further time is not given, the appellee may have the appeal dismissed, or the judgment or order from which it was taken affirmed, by pursuing the method pointed out. Many cases, however, are submitted at the first term of this court after the appeal is taken. That is true of criminal cases and of cases advanced, and would be true of most cases if the business of the court permitted it to receive, at each term, all the cases which could be made ready for submission. The waiver or modification of rules for which section 90 provides cannot be construed to apply to statutory requirements, which the court is not authorized by statute to waive, for the reason that the section is not statutory. So much of section 28 as is involved in this case is, as we have seen, a part of the Code, and there is no statutory provision which authorizes this court to waive or modify it. The affidavits filed in support of the second application show that the failure to file the abstract within the time required by the rules was not primarily due to the demands of business, but to a mistake respecting the requirement of the rules. However, the judgment was for

four thousand three hundred dollars, besides costs, and, in view of the showing of merits and good faith made, the short time which elapsed after the expiration of the time for filing the abstract before it was filed, the fact that the condition of the business of the court was such that the case could not have been submitted on its merits before the October term of court for 1898, and the further fact that the mistake, although of law, was not an unnatural one, we should be disposed to overrule the motion to affirm, and require a submission on the merits, had we the power to do so.

III.   We are next required to consider the proper interpretation of section 28 and the effect which should be given to it.   That it gives to this court, or to any of the judges thereof, the right to give an extension of time in which to file an abstract, for cause shown, provided an application therefor be made before the right to file the abstract has expired, is clear, and not questioned.   But can an application not made thirty days before the second term after the appeal is taken be granted?   It is claimed by the appellee that the section is mandatory, and that, by filing his motion to affirm and transcript, he acquired a substantial right under the statute, of which he cannot be deprived.   The appellant contends that the section is directory.   No cases precisely in point have been called to our attention, but we may be helped to a correct conclusion by examining cases decided under statutes which involved the application of somewhat similar rules of interpretation.   Section 3180 of the Code of 1873 provided that the notice of appeal must be served at least thirty days, and the cause filed and docketed at least fifteen days, before the first day of the next term of this court, or the same should not be tried unless by consent of parties, and that, if the appeal was taken less than thirty days before the term, it should be filed and docketed before the next succeeding term.   Section 3181 provided that, if the appellant failed to file the transcript and have the cause docketed as required by section 3180, or failed to file, at the

time the transcript should be filed, the certificate of the clerk of the inferior court, stating when he was served with notice, and that he had not had sufficient time in which to prepare the transcript, the appellee might file a certified copy of the judgment or order appealed from, and of the notice served on the clerk, and have the appeal dismissed, or the judgment or order appealed from affirmed. Rules of this court contained similar requirements in regard to abstracts. It was held, under these provisions, in *Turner v. Hine,* 37 Iowa, 500, that they were not merely directory, and a motion to affirm the judgment was sustained for failure to file the transcript and abstract within the time required by the statute and rules, although the transcript and abstract were on file before the motion to affirm and transcript of judgment were filed by the appellee. An important difference between the provisions considered in that case and section 28 is that the latter contains authority for the granting of further time for cause shown. The case is authority for the conclusion that, if further time be not granted, the filing of the abstract after the time fixed for that purpose, without leave, will not defeat the right of the appellee to demand a dismissal of the appeal or an affirmance of the judgment or order appealed from, by motion filed after the filing of the abstract, and that to that extent the section is mandatory. Section 1805 of the Code of 1851 provided for the taking of exceptions, and section 1806 provided that: "such exceptions must be in writing, but the court may allow such time as may be deemed reasonable to settle and reduce the same to form." It was held, under these provisions, that, in the absence of an express agreement or consent to extend the time for settling the exceptions, the judge did not have any power to sign them after the adjournment of court. *Claggett v. Gray,* 1 Iowa, 19.

Section 2831 of the Code of 1873, as amended by chapter 209 of the Acts of the Eighteenth General Assembly, contained the following: "An exception is an objection taken to a decision of the court or party acting as the court, on a

matter of law. The party objecting to the decision must do so at the time the same is made  *   *   *   and embody his objection in a bill of exceptions to be filed during the term, or within such time thereafter as the court may fix; but in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of parties or by order of the judge.  *   *   *" Numerous decisions have been rendered under that statute. In *Short v. Railway Co.,* 79 Iowa, 73, it appeared that the judgment gave to the defendant sixty days in which to file a bill of exceptions. No bill of exceptions was filed within that time, but three months after the judgment was rendered the defendant filed a motion in court for leave to fill a bill of exceptions as of a time within the sixty days, and, between seven and eight months after the time for filing the bill of exceptions had expired, the court sustained the motion so far as to allow the defendant to file the bill of exceptions as of the date of the order sustaining the motion. This court held, in effect, that the order was unauthorized, but refrained from expressing an opinon as to the power of the court to make a *nunc pro tunc* order. In *Rosenbaum v. Partch,* 85 Iowa, 410, ninety days were given each party in which to file a bill of exceptions, and that time expired on the twenty-fifth day of January, 1890. No bill was filed within the time thus given, but at the next term of court, on the fifteenth day of the next March, a motion for leave and time to file a bill of exceptions was filed and sustained, and an order was made that the bill should be filed within ten days. No notice of the motion had been given. This court held that the court had no power to make the order, and said, in effect, that, if there was any reason for extending the time for filing a bill of exceptions by an application to the court or judge, it ought to be discovered, and the order asked before the original time given expires. In *White v. Abstract Co.,* 96 Iowa, 343, that holding was approved, and it was said that the statute did not permit the exercise of discretion, and that "when the time for filing a bill of exceptions, as fixed

by law, the consent of parties, or the order of the court or judge, expires, so that the right must be revived rather than extended, neither the court nor the judge has that right. While either may possess the right, by proper order, to extend or continue the time for the exercise of such right, neither has the right, when it is once lost, to restore it." See, also, *Bennett v. City of Marion,* 101 Iowa, 112. It is suggested that the rule in regard to bills of exception is founded upon the lack of jurisdiction in courts to make orders in vacation. The lack of such jurisdiction was commented upon in *Claggett v. Gray, supra,* but the statue there construed gave to courts only, and not to judges, the power to allow time in which to settle exceptions, and that fact necessarily influenced the decision of the case.

It is also said that the filing of the bill of exceptions is essential to give this court jurisdiction of the exception sought to be reviewed. The office of the bill of exceptions is to make of record what would otherwise not be preserved as a part of it, but we have refused to strike from the record a bill of exceptions which was designed to show the evidence taken on a trial, but which was not filed within the time limited by agreement of parties, where it appeared from an additional abstract that all of the evidence was before us. *Richardson v. Blinkiron,* 76 Iowa, 255. If parties agree as to the proceedings had in the trial of a cause, a bill of exceptions to show such proceedings is not necessary, and therefore is not essential to confer upon this court power to act upon matters which are admittted. It is not jurisdictional in the sense that the service of a notice of appeal is jurisdictional. Section 2831 of the Code of 1873, as amended, provided for the filing of a bill of exceptions during the term at which the exceptions were taken, "or within such time thereafter as the court may fix; but in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of parties or by order of the judge." As we have seen, these provisions did not authorize a court or

judge to extend the time for filing a bill of exceptions after the time originally fixed for filing it had expired. Section 4120 of the Code, as found in section 28 of the rules, gives to an appellee the right to have the appeal dismissed, or the judgment or order appealed from affirmed, "if an abstract of the record is not filed by appellant thirty days before the second term after the appeal was taken, unless further time is given by the court or a judge thereof, for cause shown." The rule of interpretation which required the extension of time for which section 2831 of the Code of 1873 provided, to be granted before the right to file a bill of exceptions had expired, requires us to hold that the extension of time authorized by section 4120 of the Code, to be effectual, must be granted before the right to file the abstract has expired. In other words, neither this court, nor a judge thereof, can grant to an appellant the right, which has once been lost, to file an abstract, but while that right exists the time for its exercise may be extended by this court or by one of its judges. This conclusion accords with rulings already made by this court, and will tend to secure diligence in the prosecution of appeals.

Our attention has been called to the fact that under rules which were in force before October, 1897, we frequently refused to dismiss appeals or affirm judgments and orders, on motion founded upon the failure of the appellant to file an abstract and argument within the time required by the rules. We said in *Fowler v. Town of Strawberry Hill,* 74 Iowa, 644, that "we are not accustomed to summarily affirm causes, after they are prepared for submission on the part of appellants, on the ground of delay in presenting abstracts and arguments. If prejudice has resulted to the other party by such delay, redress must be sought in some other way." The practice thus indicated was founded in large part upon chapter 56 of the Public Acts of the Fifteenth General Assembly, which provided that no appeal to this court should be dismissed, or judgment of the court below affirmed, because the cause was not docketed or transcript filed in this court,

if it was made to appear that the appeal was taken in good
faith, and not for delay, or if from the conduct of the appellee
or his counsel the appellant was induced to believe that no
motion to dismiss or affirm would be made. But that pro-
vision is not found in the Code, and has ceased to be the law.
It is true that although section 19 of the rules of this court
in force before October, 1897, required that additional
abstracts be delivered to counsel for appellant within ten days
after the abstract was received, we rarely sustained a motion
to strike from the files an additional abstract served after the
time specified. That rule was not statutory, however, but was
adopted by this court, and was waived in the interest of
justice, when prejudice would not result from the
waiver. We are not to be understood as holding that
the appellee, in all cases in which the appellant has
failed to file an abstract within the time limited, and further
time has not been granted, will be entitled to a dismissal or
affirmance, on the filing of a motion, with the necessary
abstract or transcript. It is undoubtedly true that the right
to a dismissal or affirmance may be waived by agreement or
consent, or by failing to insist upon it, and perhaps in other
ways, and that the appellee may be estopped by his conduct to
assert the right. But, where there is no waiver or estoppel,
the appellee has the right to insist upon a dismissal or affirm-
ance when he brings himself within the terms of the statute,
and that would be true, even though the abstract be on file
when the motion is made. In that respect the statute is
mandatory. See *Turner v. Hine*, 37 Iowa, 500.

IV. For the purpose of avoiding some confusion in
practice which has heretofore existed, we deem it
proper to say that notice of an application to extend
the time for filing an abstract should be served on the
adverse party or his attorney.

V. It is insisted that section 28 of the rules does not
require an affirmance on the application of the appellee, but
that this court may, in its discretion, affirm the judgment or

dismiss the appeal. In some cases there may be a material difference between the effect of dismissing the appeal and affirming the judgment or order from which the appeal is taken, but the appellee does not have the absolute right to elect which remedy he will have. It is the customary and approved practice for the appellee to ask in the alternative that the judgment or order appealed from be affirmed, or that the appeal be dismised, and when that is done, and the appellee is entitled to relief asked, this court grants that form of relief which seems to be best calculated to do justice, and in most cases that is the relief first asked. In this case the effect of an affirmance would be practically the same as that of a dismissal.

VI. The appellant asks that an order *nunc pro tunc* be made to the effect that the abstract filed April 14th be considered as filed April 9th. An order of that character will be made to avoid the effects of a delay by the court or of a delay or omission of its clerk, but rarely, if ever, to remedy a delay or omission due to a party or his attorney. *Brignardello v. Gray*, 1 Wall. 627; *Shephard v. Brenton*, 20 Iowa, 41; 12 Am. & Eng. Enc. Law, 80; Freeman Judgments, sections 56-60; 1 Black Judgments, section 129. Such an order in this case would be an evasion of the statute and is unauthorized.

VII. Within six months from the date of the judgment the appellant served a second notice of appeal, and secured the clerk his fees for a transcript. It is claimed by the appellant that the second appeal was properly taken, and that it furnishes a sufficient reason for overruling the motion to affirm the judgment. Numerous authorities are cited to show that a second appeal is not barred by the dismissal of the cause on the first appeal. But that is not the case before us. This case has not been dismissed. When the second notice of appeal was served the cause was pending in this court, and the second notice added nothing to the jurisdiction which this court then had of the case or to its

power to grant relief.   We have no occasion to determine whether a second appeal may be taken after the dismissal of a cause on the first appeal.   It follows from what we have said that the second appeal is without effect; that we are not authorized to grant the applications of the appellant for additional time in which to file its abstract, for a modification of rule 28, nor for an order *nunc pro tunc,* and that the appellee is entitled to an affirmance-of the judgment.   The applications of the appellant will therefore be denied; the motion to dismiss the second appeal will, as a matter of form, be sustained; and the motion to AFFIRM the judgment of the district court will also be sustained.   Orders to that effect will be duly entered.—AFFIRMED.