Venancio Flores Irizarry, Petitioner, *v.* District Court of Mayagüez, Respondent.

No. 1047. Argued November 4, 1935.—Decided November 27, 1935.

*Rafael A. Silva* for petitioner. *J. Alemañy Sosa* for respondent.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

José López Fernández petitioned the District Court of Mayagüez through a dominion title proceeding to declare his ownership of a certain rural property. Venancio Flores Irizarry objected to this petition, which the court, after hearing the parties, granted on May 17, 1935. Thereupon the opposing party, the petitioner herein, feeling aggrieved by that decision took an appeal therefrom on May 21, 1935. On June 1st of the same year, the petitioner requested an extension of time to file a statement of the case. The district court refused to grant such request; whereupon, and the term of thirty days to take an appeal not having expired, the petitioner filed a second notice of appeal in the district court. Five days after such filing, he presented a statement of the case in the lower court and requested its approval. The district court refused to approve it on the grounds that there was an appeal pending which precluded the taking of another appeal, and that, in its view, it lacked jurisdiction to take any action in regard to a second appeal while the first was still pending. The petitioner seeks through the certiorari proceeding herein to have this last decision set aside, and maintains that the lower court erred in denying him the right to take the second appeal after refusing to grant him the extension requested in the first appeal.

 The doctrine that permits the taking of a second appeal, when the time for taking an appeal has not expired and the first appeal has not been dismissed, has been recog-

nized by this court and in numerous decisions. *Orellana* v. *People,* 46 P.R.R. 200, and cases cited therein. The doubt arises, where, as in the case at bar, the first appeal has not been abandoned. On this point there exists a marked divergence of opinion among the courts. In some jurisdictions it is maintained that a second appeal can not be prosecuted until a voluntary dismissal of the first has been effected. In others the contrary view is held.

In *Reichenbach* v. *Lewis et al.,* 5 Wash. 577, 32 Pac. 460, the Supreme Court of Washington declared that an appeal does not lie during the pendency of a motion to dismiss a prior appeal, on the ground that no transcript had been filed within the required time. However, that same court in a subsequent case, which we shall cite further on in this opinion, upheld a contrary doctrine.

In the case of *Cruzen* v. *Merchants' State Bank of St. Hilaire,* 109 Minn. 303, 123 N. W. 666, the Supreme Court of Minnesota held, in effect, that an appellant can not, by himself, dismiss an appeal in the district court and then prosecute a second appeal. In order that a new appeal may be taken the party must wait until the Supreme Court has dismissed the first. See also the case of *Newbury* v. *Getchell & Martin Lumber & Mfg. Co.,* 106 Iowa 140, 76 N. W. 514.

In *Brown* v. *Plummer,* 70 Cal. 337, 11 Pac. 631, the court decided that where there is a good and valid appeal from a judgment of the lower court pending in the Supreme Court, a second appeal from the same judgment is a nullity, for the reason that after the taking of the first appeal there would be nothing in the court below from which another appeal could be taken. The court, however, said: "When the second appeal was taken, the time for filing the transcript on the first appeal had not expired. The first appeal was then a valid, existing appeal to this court." These words of the court seem to indicate that its decision would have been different if at the time the second appeal was taken the term

granted to file the transcript of the court in the original appeal had expired.

In *Bornheimer* v. *Baldwin,* 42 Cal. 27, a second appeal was allowed before the dismissal of the first, which had been perfected. That case was cited with approval in *Keaton* v. *Municipal Court,* 209 Cal. 52, decided in 1930.

In the case of *Groendyke* v. *Musgrave,* 123 Iowa, 535, 99 N. W. 144, the appellant filed in the district court a dismissal of the appeal taken. After the dismissal had been thus effected the appellant at once filed a second appeal. The appellee urged that the appellant had exhausted his right to a review of the case by appeal. In deciding the question thus raised, the Supreme Court of Ohio said:

"Stated briefly, the question is, may an appellant voluntarily dismiss an appeal once perfected, and thereafter, and within six months from the date of the judgment sought to be reviewed, take a second appeal? We are inclined to hold in the affirmative. There would seem to be no good reason for denying such right, and, as we shall see, the practice finds much support in the decisions of the courts. The statute allows a party six months in which to take an appeal. Experience has demonstrated that lawyers are not wholly exempt from liability to mistakes, and if, having attempted to effect an appeal, counsel find that by some error or oversight their appeal is likely to be lost without a hearing·upon its merits, and the statutory limitation has not yet run, why should they not be allowed to take advantage of this *locus poenitentiae* to dismiss the ineffectual appeal and begin anew? By analogy with the right freely exercised to dismiss an original action and to renew the same, it would seem that such practice is entirely legitimate. (Citations.)"

Although in the case just cited the appellant voluntarily dismissed the first appeal taken, however, the reasoning of the court can very well be applied to the case where an appellant voluntarily abandons the first appeal because he incurred in an error, or because he finds himself in a position which precludes him from prosecuting said appeal in a manner that will duly protect all his rights.

Among the above-cited decisions, there are some which have expressed themselves openly against the granting of a second appeal until the first has been dismissed, and others which favor the taking of a second appeal even though the first has not been formally dismissed. The decisions which we will proceed to cite deal directly with that question and without any reserve whatsoever uphold the latter doctrine.

In the case of *Evans* v. *State Bank*, 134 U. S. 330, the Supreme Court of the United States said:

"The decree in this case was rendered on the 19th of June and a rehearing refused on the 6th of July, 1885. On the 8th of July of that year an order was entered allowing Mrs. Evans and her husband, who were complainants below, an appeal to this court upon giving bond with security as directed; and upon the same day the bond was filed and approved. Nothing further was done, and the record not having been filed in this court during the succeeding term the appeal became of no avail, because not duly prosecuted. *Credit Company* v. *Arkansas Central Railway Co.*, 128 U. S. 258. On the 21st of May, 1887, Mr. and Mrs. Evans petitioned the Circuit Court to allow an appeal from said decree, which was on that day allowed and entered of record, on the petitioners furnishing bond conditioned according to law. This bond was accordingly given and approved on the 3d of October, 1887, and citation issued and served, returnable at October term, 1887. The record was filed here on the 31st of March, 1888, one of the days of that term.

"A motion is now made to dismiss the appeal, upon the grounds that it could not be granted, because the court had exhausted its power by the allowance of the first appeal, and because, if this were not so, the second appeal was not taken within two years from the entry of the decree. As to the first of these grounds, it may be remarked, that when the term elapsed at which the first appeal was returnable, without the filing of the record, that appeal had spent its force, and the matter was open to the taking of a second appeal, as it would have been if the appellee had docketed the cause and had it dismissed."

In the case we have just cited the dismissal of the first appeal was not required in order to permit the taking of a second one. As we have seen, the court decided that when

the term in which to file the record of the case elapses, a second appeal may be taken, if the time for appeal has not expired.

The Supreme Court of Arkansas, in a case of succeeding appeals, expressed itself as follows:

"In *Turner* v. *Tapscott,* 29 Ark. 318, it was held: 'A party who has taken an appeal without supersedeas, and failed to perfect it within the time required by law, may take another appeal at any time within the period during which appeals are allowed. In such cases it is the better, but not the necessary, practice, to have the first appeal docketed and dismissed before taking a second appeal.'

"In *Rice* v. *Reed,* 29 Ark. 320, and *Kinner* v. *Dodds,* 35 Ark. 29, it was held: 'A party who has taken an appeal with supersedeas, and failed to prosecute it, must docket the appeal here, and dismiss it, before he can take a second appeal.'

"We see no good reason why it should be necessary to dismiss an appeal with supersedeas before another can be granted in the time prescribed by law, when it is not necessary to dismiss an appeal without supersedeas before another can be taken, unless, in the first case, it is necessary in order to enable the appellee to pursue his remedies against the sureties on the appeal bond. While it is the better practice to dismiss the appeal with supersedeas before another is taken, the same result can be obtained by dismissing the first after the second is granted. In that case the appellee can enforce his remedies on the appeal bond. It would be a needless ceremony to docket the appeal with supersedeas here, and dismiss it and the second appeal, when two appeals are pending, and then take the third appeal, when the same object can be accomplished by dismissing the first." *Robinson* v. *Arkansas Loan & Trust Co.,* 81 S. W. 609.

The ground set forth by the Supreme Court of Arkansas is not applicable in Puerto Rico, where it is not necessary to give a bond in order to take an appeal. The court, however, decided that the second appeal could be taken without the first having been dismissed, although it stated that the better practice was to obtain previously a dismissal of the former appeal.

The Supreme Court of Washington, which in the case of *Reichenbach* v. *Lewis, supra,* had sustained a contrary doc-

trine, subsequently, in *Noble* v. *Whitten,* 34 Wash. 507, 76 Pac. 95, said:

"Two appeals have been taken in this cause, and respondents have moved to dismiss them both. One ground of the motion to dismiss the last appeal is that a former one was pending when the last one was taken. At the oral argument of the motion appellants' counsel stated that they have abandoned the first appeal, and rely upon the last one only. The motion to dismiss was not served until after the second notice of appeal was served. Under similar circumstances this court has held that the first appeal is abandoned, and that it shall not prevent the prosecution of the later one when duly taken. (Citations.)"

In conformity with the cases cited, a second appeal can be taken when the time for filing an appeal has not expired and the first appeal has become ineffective, or has been expressly or impliedly abandoned by the appellant. The Supreme Court of the United States in the case of *Evans* v. *State Bank, supra,* declared that when the term elapsed at which the first appeal was returnable, without the filing of the record, that appeal had spent its force and the matter was open for a second appeal, as it would have been if the appellant had docketed the cause and had it dismissed. The Supreme Court of Washington in the case of *Reichenbach* v. *Lewis, supra,* observes that at the oral argument the appellants stated that they had abandoned the first appeal and were relying upon the last one only, and it says that under similar circumstances, when two appeals were taken, the court had held that the first appeal had been abandoned, and that it should not prevent the prosecution of the later one. The case at bar is quite peculiar in that the appellant, in spite of having a second appeal, insists on keeping in force the first by requesting extensions of time to perfect the same. However, it seems to us that the lower court was not divested of jurisdiction to allow the second appeal and the statement of the case presented by the appellant after he had found it impossible to file such statement in the first appeal taken. It

is clear that the appellant can not indefinitely prosecute at the same time two appeals from the judgment rendered and that he should have elected between the two proceedings; but it is incumbent on this court, and not on the district court, to decide the questions that might arise by reason of the taking of the second appeal.

The order of the lower court of July 1, 1935, refusing to approve the statement of the case presented by the petitioner on the ground of lack of jurisdiction therefor, must be set aside.