VENANCIO FLORES IRIZARRY, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ, demandada.

No. 1047.—*Sometido:* Noviembre 4, 1935.—*Resuelto:* Noviembre 27, 1935.

*Rafael A. Saliva,* abogado del peticionario; *J. Alemañy Sosa,* abogado de la demandada en el recurso y del demandado en el pleito que motivó el *certiorari.*

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

José López Fernández solicitó, mediante expediente de dominio tramitado ante la Corte de Distrito de Mayagüez, que se le declarara dueño de cierta finca. Venancio Flores Irizarry se opuso a esta solicitud, que la corte declaró con lugar, después de oír a las partes, en 17 de mayo de 1935. El opositor y aquí peticionario, no conforme con dicha resolución, apeló de dicha sentencia en 21 de mayo de 1935. El día primero de junio de dicho año, el peticionario solicitó de la corte que se le concediera un término para radicar una exposición del caso. Negóse la corte de distrito a acceder a lo solicitado. En vista de esta negativa y de que no había expirado el término de treinta días para recurrir de la sentencia, el peticionario radicó en la corte de distrito un segundo escrito de apelación. A los cinco días de su radicación presentó a la corte inferior una exposición del caso, solicitando que se aprobara. La corte de distrito se negó a impartirle su aprobación, por entender que existía una apelación pendiente que impedía la radicación de una nueva apelación y porque, a su juicio, carecía de jurisdicción para intervenir en la tramitación del segundo recurso interpuesto estando pendiente el primero. El peticionario ha solicitado por medio de *certiorari* que se anule esta última resolución, alegando que el tribunal inferior incurrió en error al negarle el derecho a esta segunda apelación, después de haberle negado la prórroga solicitada en la primera.

La doctrina que permite la radicación de una segunda apelación, cuando no ha expirado el término para apelar y se ha desestimado la primera, ha sido aceptada por

esta corte y por numerosas decisiones. *Ex parte Orellana* y *Pueblo,* 46 D.P.R. 207, y casos citados. La duda surge cuando, como en el presente caso, no se ha desistido del primer recurso. Sobre este punto se advierte una marcada divergencia en las decisiones de los tribunales. En algunas jurisdicciones se sostiene que no puede tramitarse una segunda apelación sin haberse desestimado la primera. En otras se mantiene un criterio opuesto.

En *Reichenbach* v. *Lewis et al.,* 5 Wash. 577, 32 P. 460, la Corte Suprema de Washington sostuvo que no procede un recurso de apelación, mientras esté pendiente una moción de desestimación de una apelación anterior, por no haberse radicado una transcripción del caso dentro del término fijado por la ley. Sin embargo, esta misma corte, en un caso posterior que citaremos más adelante, sostiene una doctrina contraria.

En el caso de *Cruzen* v. *Merchants State Bank,* 109 Minn. 303, 123 N. W. 666, la Corte Suprema de Minnesota resolvió que un apelante no puede desestimar por sí mismo, en la corte de distrito, una primera apelación y tramitar la segunda. Para que pueda establecerse un nuevo recurso debe esperarse a que la Corte Suprema desestime el primero. Véase también el caso de *Newburg* v. *Getchell & Martin Lumber & Mfg. Co.,* 106 Iowa 140, 76 N. W. 514.

En *Brown* v. *Plummer,* 70 Cal. 337, 11 P. 631, la corte sostuvo que cuando pende ante el Tribunal Supremo una buena y válida apelación, no procede una segunda apelación contra la misma sentencia por la razón de que después de haberse interpuesto la primera apelación no queda nada en la corte inferior que pueda ser objeto de un nuevo recurso. La corte, sin embargo, hace constar lo siguiente: "Cuando la segunda apelación fué interpuesta, el tiempo para radicar la transcripción de autos en la primera apelación no había expirado, existiendo en dicha fecha un recurso existente y válido ante este tribunal." Estas palabras de la corte parecen

indicar que otra hubiese sido su resolución si al interponerse la segunda apelación hubiese expirado el plazo para radicar la transcripción de autos en el recurso anterior.

En *Bornheimer* v. *Baldwin*, 42 Cal. 27, se permitió una segunda apelación antes de la desestimación de la primera que no había sido perfeccionada. En el caso de *Keaton* v. *Municipal Court*, 209 Cal. 52, resuelto en 1930, se cita con aprobación el caso anteriormente mencionado.

En el caso de *Groendike* v. *Musgrave*, 123 Iowa 535, 99 N.W. 144, el apelante radicó en la corte un escrito desistiendo voluntariamente de la apelación interpuesta. A raíz de la desestimación de esta manera efectuada, interpuso un segundo recurso de apelación. La parte apelada alegó que el apelante había agotado su derecho para obtener una revisión del caso mediante apelación. Resolviendo la cuestión planteada la Corte Suprema de Iowa se expresó así:

"Brevemente expuesta, la cuestión es la siguiente: ¿Puede un apelante voluntariamente desestimar una apelación ya perfeccionada y posteriormente, dentro de los seis meses de la fecha de la sentencia que se trata de revisar, entablar una segunda apelación? Nos inclinamos a sostener la afirmativa. No parece haber motivo adecuado para negar ese derecho, y, según veremos, esta práctica halla amplio sostén en la decisiones de los tribunales. El estatuto concede a una parte seis meses para entablar apelación. La experiencia ha demostrado que los abogados no están totalmente exentos de cometer sus errores, y si habiendo tratado de tramitar una apelación, el letrado encuentra que por algún error u omisión su recurso corre el riesgo de perderse sin entrar en los méritos del caso, y el límite estatutario no ha transcurrido, ¿por qué no ha de permitírsele que se aproveche de este *locus poenitentiae* para desestimar la apelación ineficaz y empezar de nuevo? Por su analogía con el derecho libremente ejercido de desestimar una acción original y renovarla, parece que esta práctica·es de todo punto válida. (Citas.)"

Aunque en el caso anteriormente citado el apelante desistió voluntariamente del primer recurso interpuesto, sin embargo, los argumentos del tribunal pueden muy bien aplicarse al caso de un apelante que abandona voluntariamente

la primera apelación por haber incurrido en algún error o por encontrarse colocado en condiciones de no poder continuar tramitándola con la amplitud debida para la protección de todos sus derechos.

En las decisiones que hemos citado hay algunas que se manifiestan abiertamente opuestas a que se conceda una segunda apelación sin haberse desestimado la primera, y otras que más bien favorecen la interposición de un segundo recurso, aunque el primero no haya sido formalmente desestimado. Las decisiones que pasamos a citar tratan directamente la cuestión y sostienen sin reserva alguna esta última teoría.

En el caso de *Evans* v. *State Bank,* 134 U.S. 330, la Corte Suprema de Estados Unidos se expresó en los siguientes términos:

"El decreto en este caso fué dictado el 19 de junio y su reconsideración negada el 6 de julio de 1885. El 8 de julio del mismo año se expidió orden concediendo a la Sra. Evans y su esposo—demandantes en la corte inferior—una apelación para ante este Tribunal mediante prestación de fianza con la garantía fijada; y el mismo día la fianza fué radicada y aprobada. Nada más se hizo y no habiéndose radicado el récord en este tribunal durante el término subsiguiente, la apelación perdió su finalidad (*became of no avail*), por no haber sido debidamente tramitada. Credit Co. v. Arkansas Central Railway Co., 128 U. S. 258. El 21 de mayo de 1887 los esposos Evans solicitaron de la corte que concediera apelación del referido decreto, la cual ese mismo día fué concedida y registrada, bajo la condición de que los peticionarios prestaran fianza con los requisitos de ley. Esa fianza fué prestada y aprobada el 3 de octubre de 1887, y se libró y notificó la citación, la cual podía ser diligenciada durante el término de octubre de 1887. El récord fué radicado aquí en marzo 31 de 1888, uno de los días de ese término.

"Se nos presenta ahora moción para desestimar el recurso, por los fundamentos de que no podía ser concedido, ya que la corte había perdido su autoridad a virtud de la concesión del primer recurso, y porque si ello no fuera así, la segunda apelación no fué entablada dentro de los dos años a partir de la fecha del registro del decreto. En cuanto al primero de esos motivos puede decirse que cuando transcurrió el término durante el cual podía diligenciarse la ci-

tación de la primera apelación sin haberse radicado el récord, esa apelación había perdido su eficacia y el asunto quedaba abierto para entablar un segundo recurso como habría sucedido si el apelado hubiera registrado el caso y logrado su desestimación.''

En el caso que acabamos de citar no se requirió que la primera apelación fuese desestimada para permitir la segunda. Como hemos visto, la corte resolvió que cuando transcurre el término para radicar los autos de un caso, una segunda apelación puede seguirse, si el término para apelar no ha expirado.

La Corte Suprema de Arkansas, en un caso de doble apelación, se expresa en los siguientes términos:

''En Turner v. Tapscott, 29 Ark. 318, se sostuvo lo siguiente:

'' 'Una parte que ha promovido una apelación sin *supersedeas* y que deja de perfeccionarla dentro del tiempo requerido por la ley, puede interponer una nueva apelación en cualquier momento dentro del período que la ley señala para apelar. En tales casos la mejor práctica, pero no la necesaria, es conseguir que la primera apelación sea radicada y desestimada antes de interponer la segunda.'

''En Rice v. Reed, 29 Ark. 320, y Kinner v. Dodd, 35 Ark. 29, se sostuvo que 'una parte que ha promovido una apelación con *supersedeas* y dejado de continuarla, debe radicar la apelación en este tribunal y desestimarla antes de interponer una segunda apelación.'

''No vemos que exista ninguna buena razón para exigir la desestimación de una apelación con *supersedeas* antes de que pueda concederse otra dentro del tiempo prescrito por la ley, cuando no es necesario desestimar una apelación sin *supersedeas* para que pueda interponerse un nuevo recurso, a menos que en el primer caso sea necesario esta práctica para que el apelado pueda solicitar su remedio contra los fiadores que suscribieron la fianza en la apelación. Si bien es cierto 'que es una práctica desestimar la apelación con *supersedeas* antes de interponerse un nuevo recurso, el mismo resultado puede obtenerse desestimando la primera después de haberse conseguido la segunda. En este caso el apelado puede hacer efectivo su remedio contra la fianza. Sería una ceremonia innecesaria radicar la apelación con *supersedeas* en este tribunal y desestimarla en unión de la segunda apelación, cuando hay dos apelaciones pendientes, e interponer entonces un tercer recurso, cuando el mismo fin puede ser obtenido desestimando la primera apelación.''

La razón apuntada por el Tribunal Supremo de Arkansas no es aplicable a Puerto Rico, donde no es necesario prestar fianza para interponer una apelación. El tribunal, sin embargo, resolvió que podía interponerse una segunda apelación sin haberse desestimado la primera, aunque considera que la mejor práctica es obtener previamente la desestimación de la apelación original.

La Corte Suprema de Washington, que en *Reichenbach* v. *Lewis,* supra, sostuvo una doctrina contraria, posteriormente, en *Noble* v. *Whitten,* 34 Wash. 507, 76 P. 95, se expresa así:

"Dos apelaciones han sido interpuestas en esta causa y los apelados han solicitado que ambas sean desestimadas. Una de las razones que se aducen para la desestimación de la última apelación es que la anterior estaba aún pendiente cuando se interpuso la segunda. En su argumentación oral los apelantes manifestaron que habían abandonado la primera apelación y que solamente descansaban en la segunda. La moción para desestimar fué notificada con posterioridad a la notificación de la segunda apelación. En circunstancias similares esta Corte ha sostenido que la primera apelación ha sido abandonada y no debe impedir la interposición de la última cuando ha sido debidamente establecida. (Citas.)"

De acuerdo con la jurisprudencia citada, una segunda apelación puede interponerse cuando no haya expirado el término para apelar y la primera haya perdido su eficacia o haya sido expresa o tácitamente abandonada por el apelante. La Corte Suprema de los Estados Unidos, en el caso de *Evans* v. *State Bank,* supra, nos dice que cuando transcurrió el término durante el cual podía diligenciarse la citación de la primera apelación sin haberse radicado el récord, esa apelación había perdido su eficacia, quedando el caso abierto para entablar un segundo recurso como habría sucedido si el apelado hubiese radicado el pleito y logrado su desestimación. La Corte Suprema de Washington, en *Reichenbach* v. *Lewis,* supra, hace notar que los apelantes manifestaron en su argumentación oral que habían abandonado la primera apelación y que sólo descansaban en la segunda, y dice que

en circunstancias similares, cuando se han establecido dos recursos, la corte ha sostenido que la primera apelación ha sido abandonada y no debe impedir la interposición de la última. El caso sometido a nuestra consideración es bastante raro, porque el apelante, a pesar de haber interpuesto la segunda apelación, insiste en mantener vivo ante esta corte, solicitando prórrogas para perfeccionarlo, el primer recurso interpuesto. Sin embargo, nos parece que la corte inferior no perdió su jurisdicción para admitir el segundo recurso de apelación y la exposición del caso ofrecida por el apelante después de haberse visto impedido de radicar esa exposición dentro del primer recurso interpuesto. Es claro que el apelante no puede tramitar indefinidamente dos recursos de apelación a un mismo tiempo contra la sentencia dictada y que ha debido resolver por cuál de los dos se decidía; pero es esta corte y no el tribunal de distrito la autoridad llamada a resolver las cuestiones que hayan podido suscitarse con motivo de la interposición del segundo recurso.

*Debe anularse la orden de la corte inferior de primero de julio de 1935 negándose a aprobar, por falta de jurisdicción, la exposición del caso presentada por el peticionario.*