## ENGLEKEN v. SCHULTZ.

## ENGLEKEN v. HELGER.

APPEAL. Consequences of failure to docket the cause appealed.

*Appeal from Jackson Circuit Court.*

SATURDAY, APRIL 27.

ON motion to set aside order of affirmance.

*L. A. Ellis* and *W. A. Maginnis,* for the motions.

*D. A. Wynkoop, contra.*

PER CURIAM.—On the 20th day of April, 1875, it being at the April Term at Dubuque, the judgments in these cases were affirmed on motion of the appellee, there being no transcripts filed, nor were the cases docketed by appellants, or any appearance for them. At the same term, and on the 22d day of April, the appellants respectively moved the court to set aside the orders of affirmance.

In the case against Schultz, it is shown that the judgment was rendered on the 9th day of October, 1874; that the appeal was taken on the 17th day of the same month, and it is shown to our satisfaction that the appeal was taken in good faith, and not for the purpose of delay. It is further shown by affidavits that the failure of the appellant to file a transcript and have the cause docketed in time for submission at the present term, was the fault of the appellant's attorney, and although in respect to a question of negligence, a party must bear the consequences of the want of proper diligence of his attorney, yet this alone is not conclusive evidence of a want of good faith in taking the appeal.

Sec. 1, of Chap. 56, of the laws of 1874, provides that " no appeal to the Supreme Court of the State shall be dismissed, or the judgment of the court below affirmed because the said cause was not docketed or the transcript filed in the Supreme Court, if it be made to appear that the appeal was taken in good faith, and not for delay, or if, from the conduct of appellee or his counsel, appellant was induced to believe no motion to dismiss or affirm would be made."

Finding, as we do, that the appeal was taken in good faith, and not for

delay, we conclude that the judgment should not stand affirmed. The order of affirmance will therefore be set aside, at the costs of appellant up to this time.

In the case against Helger, we are of opinion that the appellant has failed to make it appear that the appeal was taken in good faith; on the contrary, upon the affidavits before us, we think it was taken for delay. The cause was tried October 7, 1873; appeal taken April 7. 1874, and since then nothing has been done to prepare the case for a hearing on the appeal, although it is eighteen months since the cause was tried, and over a year since the appeal was taken. The motion to set aside the order of affirmance must be

OVERRULED.