White & Smith v. Savery

WHITE & SMITH v. SAVERY ET AL.

1. Practice in the Supreme Court: ABSTRACT. The statements of appellant's abstract are deemed to be true if no additional abstract is filed, and a recital therein that notice of appeal was duly served cannot be controverted by a certificate of the clerk that no notice of appeal is on file in his office.

2. ———: FAILURE TO FILE TRANSCRIPT. The failure to file a transcript does not constitute a ground for dismissal of the appeal, unless the appellee shall have indicated to the appellant a wish that it be filed, and he then fails or neglects, without sufficient excuse, to file it.

3. ———: TRIAL DE NOVO. An appeal will not be dismissed, or a judgment affirmed, on motion, on the alleged ground that the case is not triable de novo in the Supreme Court.

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 10.

AT the June Term, 1878, a motion was filed to dismiss this appeal, because—*First,* no notice of appeal was served, as required by Code, §§ 3178, 3179; *second,* no transcript or agreed abstract was filed in this court; *third,* no motion was made in the court below for a trial on written evidence, and, therefore, there could not be a trial *de novo* in this court, and appellants have failed to assign errors, or serve any on appellee. This motion was sustained. Whereupon the appellants at the same time filed a motion to set aside the order dis-

missing the appeal.    This motion was continued to the Council Bluffs Term for argument.

*Wright, Gatch & Wright* and *J. B. Bissell,* for appellants.

*Phillips, Goode & Phillips,* for appellees.

SEEVERS, J.—I.    The notice of appeal was duly served on the appellees, but not, it is claimed, on the clerk of the District Court, and, therefore, it is urged the appeal was not perfected.    Code, §§ 3178, 3179.    Upon this ground the motion to dismiss was sustained.

1. PRACTICE in the supreme court: abstract.

The appellants prepared an abstract, which was served on appellees May 16, 1878, and the required number of copies thereof duly filed in the clerk's office.    Such abstract contains this statement:    "Notice of appeal was duly served on all the parties, and the clerk of the District Court wherein the cause was tried and the appeal duly perfected."

The abstract was prepared as required by rule 19, and rule 20 provides if the appellee deems the abstract unfair or incorrect the appellee shall prepare an additional abstract setting forth wherein the one filed by the appellant is imperfect or incorrect.

If no denial is made of such additional abstract it is deemed true.    If it is denied by another abstract filed by appellant we look into the transcript and determine which is correct.

In the absence of an additional abstract the one filed by the appellant is deemed true.    It constitutes the record, and is regarded as a verity.    It takes the place of the transcript, and cannot be impeached or contradicted in any other manner or to any greater extent than the transcript could be.

No additional abstract was filed; therefore, the statement that the notice had been served on the clerk of the district court must be regarded as a verity.    Certainly such would be the case if a transcript had been filed containing such a statement.

It has frequently been determined, on motion, that an abstract cannot be impeached or contradicted, except as provided in the rules of this court.

There was before us at the hearing on the motion, and is now, a certificate of the clerk of the district court, filed by the appellees, stating that a notice thereto attached was the "only notice of appeal filed in said cause" in his office. This notice fails to show service on the clerk.

It is, perhaps, sufficient to say that this is not conclusive that none was served. One may have been served and not filed, by reason of neglect. But, be this as it may, such certificate does not constitute an additional abstract, and cannot take the place of one.

II. A failure to file a transcript will not necessarily cause a dismissal of the appeal. Chapter 56 of the Laws of 1874. If not waived the appellee may insist on a transcript being filed as a matter of right. Code, § 3181. He is entitled thereto for the purpose of determining whether the abstract prepared by the appellant is correct, and for the purpose of preparing an additional abstract if he so desires.

2. ——: failure to file transcript.

If he so advises the appellant, and the latter, without a sufficient excuse, fails or refuses to file a transcript within a reasonable time, the appeal will be deemed to have been taken for delay, and not in good faith, and will be dismissed, or the judgment affirmed on motion of the appellee. If, however, upon being served with the abstract, or within a reasonable and sufficient time thereafter to examine and determine as to its correctness, the appellee does not indicate to the appellant that he desires a transcript, but insists on his right thereto at the term at which the cause is to be submitted by motion to dismiss or affirm, time will be given to procure a transcript, and, if necessary, a continuance will be granted.

In the present case the abstract was duly served on the appellees, but no intimation given that a transcript was desired

until the motion was filed. The motion to dismiss on this ground must be overruled.

III. We have frequently held, in determining motions, that an appeal would not be dismissed or the judgment affirmed on the alleged ground that the cause was not triable *de novo* in this court. The uniform ruling has been that such objection could only be urged and determined on the submission of the cause. Such is deemed the better practice, and, therefore, the rule heretofore established is adhered to.

3. ——: trial de novo.

It is further objected in the motion that no errors were assigned. It is sufficient to say, as to this, that upon looking into the record it may be determined the cause is triable anew here, and, therefore, the appeal cannot now be dismissed for this reason.

The result is, the order dismissing the appeal must be set aside.