## McKay v. Woodruff, Sheriff.

$\dfrac{77}{115} \dfrac{413}{106}$

1.  **Appeal**: DISMISSAL : FAILURE TO FILE ABSTRACT. An appeal will not be dismissed on account of the appellant's failure to file an abstract within the prescribed time, where it appears that the appeal was taken in good faith, and not for delay, and that the delay in prosecuting it was in part unavoidable and in part by consent. (See chap. 56, Laws of 1874.)

2.  **Criminal Law**: MITTIMUS DOES NOT EXPIRE TILL EXECUTED : SERVICE AFTER VOID RETURN. Where the judgment is that defendant be fined, and be committed in default of payment of the fine, and the clerk makes and delivers to the sheriff a certified copy of the judgment, such copy has the force and effect of a warrant (see Code, sec. 4512), and thereunder the sheriff is required to arrest and commit the defendant; and such warrant does not expire until executed, and if the sheriff returns it "Nothing made," or "Defendant not found in this state," such return is a nullity, not being authorized by law, and the sheriff may afterwards take up the warrant and arrest and commit the defendant thereunder.

3.  ———: REMITTING FINES BY COMPROMISE : POWER OF DISTRICT ATTORNEY AND SUPERVISORS. Neither the district attorney nor the board of supervisors has any power to remit fines directly, nor to do so indirectly by the satisfaction of the judgments therefor for a less sum than the fines imposed, even though such compromise may be desirable from a pecuniary point of view; and such satisfaction is no bar to the arrest of defendant upon executions issued upon such judgments, even though the satisfaction is not set aside.

4.  ———: PARTIAL AND CONDITIONAL PARDON : SUBSEQUENT ARREST OF DEFENDANT. A commutation by the governor of a fine, so far as to release certain property from the lien thereof, but in no way affecting the defendant's personal liability therefor, and upon condition that he pay all costs, and refrain from the unlawful business for which he was convicted, is no bar to his subsequent arrest and commitment,—not, at least, until he shows that he has complied with the conditions of the commutation.

*Appeal from an order of* Hon. J. K. Johnson, Judge, *in a Habeas Corpus proceeding.*

Filed, May 14, 1889.

McKay v. Woodruff.

*Bolton & McCoy*, for appellant.

*Haskell & Greer*, for appellee.

GIVEN, C. J.—I. The order remanding appellant to custody was made May 25, 1887, and an appeal duly

**1. APPEAL: dismissal: failure to file abstract.**

perfected on the same day. September 25, 1888, appellee filed his motion to dismiss the appeal and affirm the order appealed from, because of appellant's having failed to file an abstract of the record. Code, section 3182, as amended by chapter 56, Laws, 1874, provides "that no appeal to the supreme court of the state shall be dismissed, or judgment of court below affirmed, because the said cause was not docketed or transcript filed in supreme court, if it be made to appear that an appeal was taken in good faith, and not for delay, or if from the conduct of appellee or his counsel appellant was induced to believe no motion to dismiss or affirm would be made." It appears from appellant's showing in resistance to the motion that the appeal was taken in good faith, and not for delay, and that the delay in prosecuting it was in part unavoidable, and in part by consent. We think the motion to dismiss and affirm should be overruled.

II. Appellee, as sheriff of Mahaska county, detains appellant in the jail of said county by virtue of three

**2. CRIMINAL law: mittimus does not expire till executed: service after void return.**

*mittimi* issued on three separate judgments for fines and costs against appellant in the district court of said county. Appellant claims that his detention is illegal, (1) because the *mittimi*, upon which he is held, were issued, executed and returned to the clerk's office years before it was attempted to execute them by appellee's taking them again from the files of the clerk's office, and taking appellant into custody under them; and (2) because, when these several *mittimi* were executed by appellee's taking appellant into custody, the judgments had been satisfied of record. The record shows three judgments for costs, and three for fines and costs, in state cases, against appellant, aggregating $560.30; the three for

fines and costs amounting to $1,494.30. Certified copies of the judgment entries were issued in 1885 to the sheriff in each of the three cases wherein fines were assessed. Within a few months after their issue each was returned to the clerk, one return being, "Nothing made;" the others, "Defendant not found in this state." By referring to chapter 34, title 25, Code, it will be seen that the certified copies of these judgment entries had the force and effect and conferred the same authority as warrants, —that under them the sheriff was required to arrest and commit the appellant, and that no such returns as were made are required or authorized. No return is authorized until after commitment. It was the duty of the sheriff to hold these certified copies until executed by arrest and commitment, and, if that was not accomplished during his term of office, to turn them over for execution to his successor. Such warrants do not expire by lapse of time, nor by being returned to the clerk unexecuted.

III. It appears that, before the arrest complained of, entries were made upon the record of each of these judgments, showing them satisfied. These satisfactions were by J. A. Donnell, district attorney, "and in consideration of the sum of one hundred and seventy-five dollars in hand paid by Bolton & McCoy, attorneys for A. McKay, and by virtue of authority given by the board of supervisors of Mahaska county, Iowa." Section 16, article 4, Constitution of Iowa, and section 4712, Code, vest the power to grant reprieves, commutations and pardons, and to remit fines and forfeitures, solely in the governor of the state. Neither the district attorney nor board of supervisors has any authority to remit fines. The fact that the compromise made was desirable, because of a prior mortgage on appellant's real estate, did not confer authority on the district attorney or board of supervisors to remit any part of the fines. Such a fact might well be addressed to the executive.

3. ——: remitting fines by compromise: power of district attorney and supervisors.

IV. It is claimed that, as these judgments were satisfied of record, appellant was not amenable to arrest until the satisfactions were set aside. The records show upon their face that the satisfactions were without authority; that they were absolutely void; hence they were no bar to further proceedings to enforce the judgments.

THE SAME.

V. O. M. Kohn held appellant's notes for about thirty-six hundred dollars, secured by mortgage on part of a certain lot, which mortgage was superior to the judgments under notice. On May 20, 1886, the governor granted a commutation to appellant in these words: "Now, therefore, I, William Larrabee, governor of the state of Iowa, do hereby commute said judgments, so far as to release said above described property from the liens occasioned by said judgments, but in no manner to relieve said A. McKay from his personal liability in the premises. This commutation is granted upon the condition that said McKay shall pay all costs assessed against him in said cases, and upon his giving a pledge to forever refrain from engaging in the saloon business in Iowa in violation of law." Clearly, this commutation was limited to the release of the property, and in no manner relieves appellant from his personal liability. If it did, it does not appear that McKay has complied with the condition upon which the commutation was granted. The order of Hon. J. K. Johnson, remanding appellant to the custody of appellee, sheriff, is

4. ——: partial and conditional pardon: subsequent arrest of defendant.

Affirmed.