[No. 3162. · Nov. 9, 1927. Rehearing Denied Jan. 4, 1928.]

POMERENK v. SCHECK.

[262 Pac. 226.]

T. W. Gibson, of Albuquerque, for appellant.

H. B. Jamison, of Albuquerque, for appellee.

### OPINION OF THE COURT

WATSON, J. Scheck sued Powell in justice's court, attaching certain goods as his. Pomerenk, claiming to own some of the goods, filed a petition in intervention, and, upon giving a forthcoming bond, took from the officer the goods he thus claimed. The justice of the peace gave judgment for Scheck as against Powell, upon the indebtedness sued for and sustaining the attachment. On the issue of ownership raised by Pomerenk, judgment was against Scheck, and he appealed to the district court.

The district court, after trial without jury, found the intervention issue against Pomerenk, and rendered a money judgment against him and the sureties on his forthcoming bond, for the amount of Powell's indebtedness to Scheck, less what the latter had realized from the sale of goods attached and not claimed and taken by Pomerenk. The latter appeals from that judgment.

Two errors are assigned: First, that the district court had no jurisdiction of the cause; and, second, that

he erred in giving a money judgment on the bond. The latter error, if such, is not available, since the question was not raised in the trial court. So we have only the question of the jurisdiction of the district court over the appeal.

At the close of appellee's (plaintiff's) case, appellant raised the jurisdictional question by moving to dismiss the cause; no doubt intending his motion as one to dismiss the appeal. The ground of the motion was:

"That plaintiff has not proven that there was any jurisdiction in the lower court; has not proven that proper service was had upon Powell or any judgment rendered was of any value, and, since the jurisdiction in this court to try de novo rests completely upon the jurisdiction acquired, if any, by the lower court, since they have not shown affirmatively that the lower court did have jurisdiction, this court has nothing to do but dismiss it."

This motion was overruled.

Appellant urges the well-established principles that, on appeal from a justice of the peace, the district court is to try the cause de novo; and that, if the former had no jurisdiction, the latter has none; and argues that, since the record fails to show jurisdiction obtained of Powell's person, the fact is fatal to the appeal.

Appellee contends that appellant is not concerned in the issue between appellee and Powell; and that, since there is no question as to jurisdiction over appellant, the motion was properly overruled, and the present contention is without merit.

Appellant cites Geren v. Lawson, 25 N. M. 415, 184 P. 216, where it was correctly held that the district court properly dismissed the cause, where appeal had been taken from a judgment against a garnishee, although jurisdiction had not been obtained over the principal defendant. He argues that, "attachment being an ancillary proceeding the same as garnishment," the first issue was that between appellee and Powell, and that until such issue had been legally determined, there could be no judgment affecting appellant, and that, since there was no jurisdiction to try the former issue, there was none to try the latter.

The argument is unsound. There is no such analogy, as appellant suggests. A garnishee is a defendant. He can be held to liability only on showing both that he owes the defendant and that the defendant owes the plaintiff. An intervener claiming ownership of attached property occupies a different situation. If he owns the property, as he claims and assumes to show, he may recover, regardless of the result of the issue between the plaintiff and the defendant. If he does not own it, he is equally a stranger to that issue. We know of no reason why the issue of ownership could not be tried and appealed pending completion of the steps necessary to obtain jurisdiction over the defendant. The intervener has, in effect, replevined the property from the plaintiff or the attaching officer, when, as in this case, he has taken possession of it under a forthcoming bond. In such a case it would be immaterial whether the alleged debt was owing or the attachment valid. We think, therefore, that the district court did not lack jurisdiction of the appeal.

The judgment is affirmed, and the cause will be remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

### OPINION ON MOTION FOR REHEARING

WATSON, J. Whether appellant was owner of the goods involved in this case depended upon whether a written contract between him and Powell constituted a conditional sale, or passed title in præsenti. The district court held that it was not a conditional sale. Appellant, by motion for rehearing, contends, for the first time, that this was error, and that, being fundamental, it should be reviewed; citing Crawford v. Dillard, 26 N. M. 295, 191 P. 513. This contention must be overruled, if for no other reason, upon the ground that we cannot say upon the whole record that substantial justice has not been done. State v. Garcia, 19 N. M. 414, 143 P. 1012.

The motion will be denied.

PARKER, C. J., and BICKLEY, J., concur.