OTTO SCHRODER et al., Appellants, v. GRACE EOFF CLAYPOOL et al., Appellees.

No. 46584.

OCTOBER 17, 1944.

Dailey & Dailey, of Burlington, for appellants.

E. H. Pollard, of Fort Madison, for appellee Grace Clay-pool.

John M. Rankin, Attorney General, and Johnson, Martin, Johnson & Phelan, of Fort Madison, for other appellees.

SMITH, J.—The decision upon the motions of the respective parties requires a consideration of Rules 340(a) and 342(a) of our Rules of Civil Procedure. We deem the questions of sufficient importance and interest to the profession to warrant a published opinion. The *merits* of the original action or of the appeal are not involved.

The original decision of the trial court sustaining defendants' motion to dismiss was entered on November 23, 1943. The notice of appeal therefrom was filed December 21, 1943. Nothing was filed thereafter until April 5, 1944, when plaintiffs filed in the office of the clerk of the district court a duplicate typewritten abstract and their application asking for an extension of time "within which to file the printed record with the Clerk of the trial court and to do and fulfill such other necessary steps as are required to effect and complete the appeal taken by these Plaintiffs from the ruling of this Court sustaining the Defendants' motion to dismiss."

This filing was some fifteen days after the expiration of the ninety-day period allowed by Rule 342(a) for filing the printed record. No duplicate typewritten *abstract* as required by Rule 340(a) had been filed up to that time.

The trial court, after a hearing upon plaintiffs' application for extension of time and defendants' resistance thereto, denied the application upon two grounds:

1. No duplicate typewritten *abstract* had been filed "promptly" as required by Rule 340(a); and

2. The court had no power to grant the application after the expiration of the ninety-day period.

After this decision plaintiffs, under our Court Rule 11,

filed in this court its "Motion for Additional Time to Prepare, Print and File Appeal Record," alleging that the trial court had refused to grant extension of time. They alleged the same excuses for their delay as had been presented to the trial court. Defendants have filed resistance to this motion and have also filed "Motion to Affirm," together with certified copy of the judgment appealed from, as contemplated by our Rule 342(c) of the Rules of Civil Procedure.

The parties have stipulated that "Appellees' Motion to Affirm" and "Appellants' Motion for Additional Time to Prepare, Print and File Appeal Record" shall be submitted without argument.

I. It is apparent that the principal question is: Does the district court, or does this court, *after the expiration of the ninety-day period following the filing of notice of appeal,* have power to grant additional or "further" or "longer" time for filing the printed record? It involves a construction of Rule 342(a) of our Rules of Civil Procedure, the material portion of which reads:

"Within ninety days after filing notice of appeal, or such *longer* time as the trial court may grant on application and hearing, appellant shall file the printed record with the Clerk of the trial court * * *."

Rule 342(c) provides:

"If the printed record is not filed by the appellant with the Clerk of the trial court within ninety days after filing the notice of appeal or within such *further* time as fixed by the trial court, the appellee may file with the Clerk of the Supreme Court a copy of the final judgment or order appealed from, or other matters required, certified to by the Clerk of the trial court, and cause the case to be docketed, and the appeal upon motion shall be dismissed, or the judgment or order affirmed."

Our Court Rule 11 is, in part, as follows:

"In the event the trial court has refused to grant sufficient time, under Rule 342 of the Rules of Civil Procedure, to prepare, print, and file the record on appeal, application may be made to this court for an *extension* of time, if the right to file the

record has not then been lost by delay, and, after notice and hearing, the court may grant *additional* time if sufficient reasons therefor are found to exist * * *."

It will be observed that in Rule 342(a) the expression is "such *longer* time"; in 342 (c), "such *further* time"; and in our Court Rule 11, reference is to "an *extension* of time," and later, "*additional*" time. We do not attach importance to these variances of language and assume that no variance in meaning is intended.

Decisions under the law as it stood immediately and for sometime before the adoption of the Rules of Civil Procedure are not controlling. Section 12847, Code, 1939, expressly provided that any extension of time for filing (what was then called the "abstract") could only be granted "before the expiration of said [statutory] time." Code section 12848 then provided for a dismissal or affirmance if the abstract was not filed within the statutory time or was "not filed within the further time as fixed by the court or judge."

Under these statutes it was held that after the expiration of the statutory time we had no power to extend the time. Coggon State Bank v. Woods, 212 Iowa 1388, 238 N. W. 448. However, this decision is bottomed upon the express provision of the statute, "unless further time is given *before the expiration of said time.*" Our Rule 342(a) contains no such limitation and it may be argued with some plausibility that there was some deliberate purpose in omitting it when the rule was written.

But an examination of an earlier decision of this court, when the rule under the then existing statute was quite comparable to the present rule, seems to afford a complete answer to such argument.

In Newbury v. Getchell & Martin Lbr. & Mfg. Co., 1898, 106 Iowa 140, 142, 149, 76 N. W. 514, 517, we considered what was then Code section 4120 (Code, 1897), and the then existing Supreme Court Rule 28, both of which provided:

"If an abstract of the record is not filed by appellant thirty days before the second term after the appeal was taken, *unless further time is given by the court, or a judge* thereof, for cause shown, the appellee may * * *."

It will be seen there was no express provision then that the order for extension of time must be made *before* the expiration of the statutory time for filing. Nevertheless, we held that the court or judge had no power, after such expiration, to grant additional time. Reference was made to the case of White v. Guarantee Abstract Co., 96 Iowa 343, 345, 65 N. W. 305, 306, which involved an analogous statutory provision for filing bill of exceptions, and the opinion quoted from that case this language:

" '* * * when the time for filing a bill of exceptions, as fixed by law, the consent of parties, or the order of the court or judge expires * * * neither the court nor judge has that right. While either may possess the right, by proper order, *to extend or continue* the time for the exercise of such right, *neither has the right, when it is once lost to restore it.' "* (Italics ours.)

We approve this reasoning and hold that after the ninety-day period provided by Rule 342(a) has expired, without any order for additional time having in the meantime been entered and without any printed record having been filed, neither the district court nor this court has power to *revive* the right to file such record. When the ninety-day period has expired and there has been no extension of time granted by the trial court, and no application therefor denied to furnish the basis for a ruling by this court under our Court Rule 11, the right to prosecute the appeal is dead.

This interpretation is necessary in order to insure definiteness in the vital matter of fixing the limits of the district court's power over the appeal. It makes for certainty also in bringing litigation to a conclusion and is in harmony with one of the important purposes of the Rules—the elimination of unnecessary delays in the conduct of litigation.

Our Court Rule 11 is designed to afford an appellant relief "if sufficient reasons therefor are found to exist" and if the trial court upon timely application has refused to grant any or adequate time under Rule 342. It provides an appellant relief by a review in this court of an unjust denial of relief by the trial court.

II. The interpretation we have here placed on Rule 342(a)

makes unnecessary an extended reference to the first ground suggested by the trial judge for his ruling upon appellants' "Application for Extension of Time": the failure of appellants to file duplicate typewritten *abstract promptly,* as provided by Rule 340(a). Appellants at no time expressly asked for additional time—or extension of time—for such filing. The rules do not suggest the making of such application. Probably the adverb "promptly" is sufficiently elastic to provide any appellant who is delayed in filing the *typewritten abstract,* by reasons sufficient to entitle him thereto, to an extension of time for filing the *printed record.* The filing of the typewritten abstract and reporter's transcript as provided by Rule 340(a) is, of course, a necessary preliminary to any settling of the record and filing of the printed record. It is not necessary that we here attempt any definition of the word "promptly" as used. Possibly no definition that would fit the situation of every case is possible.

III. We are not concerned here with the *sufficiency* of the reasons or excuses urged by appellants to justify their delay and to entitle them to an extension of time. They urge their attorneys' "pressure of business including the trial of contested matters" in another county, and "the requirements of time devoted to other matters of practice." The discussion of somewhat similar grounds in the opinion in Newbury v. Getchell & Martin Lbr. & Mfg. Co., supra, at page 144 of 106 Iowa, page 515 of 76 N. W., is pertinent, but no pronouncement is necessary here in view of the considerations already urged.

For the reasons already stated, appellees' motion to affirm is sustained and appellants' motion for additional time is denied. —Sustained in part; denied in part.

All JUSTICES concur.