JENNIE E. STOLAR, Appellee, v. HANNAH L. TURNER, Appellant.

No. 46732.

JULY 27, 1945.

Carl H. Lambach, of Davenport, for appellant.

Miller, Miller & Cousins, of Clinton, for appellee.

MILLER, C. J.—On June 9, 1943, plaintiff, Jennie E. Stolar, filed a petition at law which asserted that the defendant, Equitable Life Assurance Society of the United States, had issued five policies of life insurance on the life of her father, John H. Turner; that she is named as sole beneficiary therein; that her father died February 20, 1943, and there is due her on said policies, after deducting the amount of loans and inter-

est, the sum of $14,999.16 and interest from date of death. The company paid the amount due on the policies into court and asked that Hannah L. Turner, widow of the insured, be interpleaded as a defendant and a claimant to the proceeds of the insurance. Hannah L. Turner filed answer and asserted that the proceeds of the insurance belonged to her pursuant to the terms of a contract with her deceased husband. The issues thus raised were transferred to equity. Trial was had, resulting in a decree, entered October 21, 1944, adjudicating that the alleged contract, asserted by defendant Hannah Turner, had not been established and dismissing her answer based thereon. On November 18, 1944, Hannah Turner appealed from such decree. On December 13, 1944, the court entered a judgment awarding the insurance money to plaintiff. On February 5, 1945, the court extended the time for filing the printed record until April 18, 1945. The rule copies of the printed record were filed with the clerk of this court on April 19, 1945, and it is therein recited that, on April 14, 1945, an order was entered settling the record and extending the time to file the printed record until April 21, 1945.

On April 23, 1945, appellee served on the appellant and three days later filed in this court a motion to affirm the decision and judgment of the trial court because the printed record had not been timely filed herein. On May 2, 1945, appellee served and filed herein a motion to dismiss the appeal, asserting the appeal was premature, being from an interlocutory order, in violation of Rules 231 and 232 of the Rules of Civil Procedure because no order was entered allowing the appeal from the decree of October 21, 1944, in advance of the entry of judgment on December 13, 1944; the questions are now moot because of failure to appeal from such latter judgment; the time to file the printed record expired April 21, 1945, and it was not filed in the trial court until April 24, 1945, at which time the right to prosecute the appeal was dead. Appellant has filed extensive resistances to the motions to affirm and to dismiss the appeal. The matters therein asserted are hereinafter recited.

I. We will first give consideration to appellee's motion to affirm the cause. As above stated, this motion is based upon the fact that the printed record was not filed with the clerk of the trial court until April 24th and therefore was not within the time as extended by the trial court to April 21, 1945, for such filing. The motion asks us to give effect to the provisions of paragraph c of Rule 342, Rules of Civil Procedure, which authorize an appellee to cause a case to be dismissed if the printed record is not filed with the clerk of the trial court within the time fixed by the trial court. If this provision is to be given strict and arbitrary application by this court, appellee's motion must be sustained. In resistance thereto, appellant sets forth certain facts to explain the apparently incongruous situation where the rule copies of the printed record were filed with the clerk of this court within the time as fixed by the trial court but the service copies were not filed with the clerk of the trial court until five days later. In view of these circumstances, appellant urges this court to waive the strict and arbitrary provisions of Rules 340 and 342 and to permit this case to be heard on its merits. Before setting forth the facts upon which appellant bases her plea for a waiver of the provisions of the rule, we will give attention to the question whether this court has the power to waive the rule should it be disposed to do so. To adequately present this question we will briefly review the history of the requirement for the timely filing of abstracts.

II. Originally the statutes of this state required the filing of a transcript of the record and the rules of this court permitted the filing of an abstract thereof. In the early case of Turner v. Hine, 37 Iowa 500, this court laid down the rule that timely filing of the transcript and the abstract was mandatory and failure to strictly comply therewith would result in a dismissal of the appeal, this court stating as follows:

"Judgments were rendered in these causes on the 15th day of September, 1873, and an appeal in each perfected on the 3d day of October, 1873, by the service of the notices required by law. On the 2d day of December, 1873, being the

second day of the present term of court, the transcripts and abstracts required by law and the rules of this court were filed.

"No certificate of the clerk of the district court in which the judgments were rendered was filed here, as required by Code, section 3181, at the time the transcript should have been filed, to the effect that he has not had sufficient time to prepare the transcript.

"On the third day of December (the third day of this term), the appellee filed a certified transcript of the judgment in each case required by the section just named and moved thereon that the judgment be affirmed.

"The motion must be sustained in each case. The appeals were taken more than thirty days before the present term and should have been docketed with the abstracts and briefs required by the rules of this court fifteen days before the first day of this term. Code, § 3180; Amended Rules, 20. Section 3181 provides that if this requirement be not complied with the appellee may file a transcript of the judgment and notice served on the clerk and have the judgment affirmed unless the appellant, in order to defeat such action, files at the time the appeal should have been docketed here, a certificate of the clerk of the court rendering the judgment, stating that he has not had time to prepare the transcript. Rule 24 provides that like consequences will result from a failure to file the abstract at the time required; the judgment for that cause must also be affirmed.

"These provisions are not simply directory, but must be complied with to entitle a party to be heard in this court, unless waived by the agreement or act of the appellee.

"Let the motion in each case be sustained and a proper judgment of affirmance be entered in each case."

The disastrous effects of the arbitrary rule announced in the above case were soon thereafter offset by the enactment of section 1, chapter 56 of the Laws of 1874 [Fifteenth General Assembly], and this court was permitted to waive the statutory requirements if the appeal was taken in good faith and a reasonable explanation for the delay was given. This is illustrated

by the case of Engleken v. Schultz, 40 Iowa 703, wherein this court stated:

"On the 20th day of April, 1875, it being at the April Term at Dubuque, the judgments in these cases were affirmed on motion of the appellee, there being no transcripts filed, nor were the cases docketed by appellants, or any appearance for them. At the same term, and on the 22d day of April, the appellants respectively moved the court to set aside the orders of affirmance.

"In the case against Schultz, it is shown that the judgment was rendered on the 9th day of October, 1874; that the appeal was taken on the 17th day of the same month, and it is shown to our satisfaction that the appeal was taken in good faith, and not for the purpose of delay. It is further shown by affidavits that the failure of the appellant to file a transcript and have the cause docketed in time for submission at the present term, was the fault of the appellant's attorney, and although in respect to a question of negligence, a party must bear the consequences of the want of proper diligence of his attorney, yet this alone is not conclusive evidence of a want of good faith in taking the appeal.

"Sec. 1, of Chap. 56, of the laws of 1874, provides that 'no appeal to the Supreme Court of the State shall be dismissed, or the judgment of the court below affirmed because the said cause was not docketed or the transcript filed in the Supreme Court, if it be made to appear that the appeal was taken in good faith, and not for delay, or if, from the conduct of appellee or his counsel, appellant was induced to believe no motion to dismiss or affirm would be made.'

"Finding, as we do, that the appeal was taken in good faith, and not for delay, we conclude that the judgment should not stand affirmed. The order of affirmance will therefore be set aside, at the costs of appellant up to this time."

The rule applied in the case last above quoted was later applied in the case of White & Smith v. Savery, 49 Iowa 197, 199, wherein this court stated:

"A failure to file a transcript will not necessarily cause a dismissal of the appeal. Chapter 56 of the Laws of 1874. If not waived the appellee may insist on a transcript being filed as a matter of right. Code, § 3181. He is entitled thereto for the purpose of determining whether the abstract prepared by the appellant is correct, and for the purpose of preparing an additional abstract if he so desires.

"If he so advises the appellant, and the latter, without a sufficient excuse, fails or refuses to file a transcript within a reasonable time, the appeal will be deemed to have been taken for delay, and not in good faith, and will be dismissed, or the judgment affirmed on motion of the appellee. If, however, upon being served with the abstract, or within a reasonable and sufficient time thereafter to examine and determine as to its correctness, the appellee does not indicate to the appellant that he desires a transcript, but insists on his right thereto at the term at which the cause is to be submitted by motion to dismiss or affirm, time will be given to procure a transcript, and, if necessary, a continuance will be granted.

"In the present case the abstract was duly served on the appellees, but no intimation given that a transcript was desired until the motion was filed. The motion to dismiss on this ground must be overruled."

Again, in the case of Town of Manson v. Ware, 63 Iowa 345, 347, 19 N. W. 275, this court stated:

"The appellee also moves the court to dismiss the appeal, because no transcript has been filed.

"As to the last motion, it is sufficient to say that the uniform practice is not to dismiss the appeal for the reason stated, but to order a transcript to be filed, and continue the cause, if this is desired, until this can be done. As we understand, counsel for the appellee insist that, because no transcript has been filed, an absolute right exists to have the appeal dismissed. Such is not the rule; and we see no reason why the cause should be continued, because we have before us two abstracts which fully present the facts upon which the decision must turn."

In the foregoing cases, the motions to dismiss were predicated upon failure to file the transcript, which was required by statute. In the case of McKay v. Woodruff, 77 Iowa 413, 414, 42 N. W. 428, the motion was predicated upon the failure to file an abstract, required by the rules of this court, but this court applied the same statutory provision relating to transcripts to the failure to file an abstract, stating as follows:

"September 25, 1888, appellee filed his motion to dismiss the appeal and affirm the order appealed from, because of appellant's having failed to file an abstract of the record. Code, section 3182, as amended by chapter 56, Laws, 1874, provides 'that no appeal to the supreme court of the state shall be dismissed, or judgment of court below affirmed, because the said cause was not docketed or transcript filed in supreme court, if it be made to appear that an appeal was taken in good faith, and not for delay, or if from the conduct of appellee or his counsel appellant was induced to believe no motion to dismiss or affirm would be made.' It appears from appellant's showing in resistance to the motion that the appeal was taken in good faith, and not for delay, and that the delay in prosecuting it was in part unavoidable, and in part by consent. We think the motion to dismiss and affirm should be overruled."

Later, in the case of Price v. Price, 91 Iowa 693, 695, 60 N. W. 202, 29 L. R. A. 150, 51 Am. St. Rep. 360, this court overruled a motion to dismiss, based upon the failure to file an abstract, without reference to the statutory provision, basing its conclusion on the presence of negotiations for settlement, with the following language:

"The judgment in this case was rendered in June, 1891, and the appeal was taken in the next September. At the October term, 1892, of this court, the appellee filed a motion to affirm the judgment of the district court on the ground that the appeal had been abandoned. That motion was supported and resisted by affidavits and a partial transcript of the record, and was submitted with the cause for our determination. It is

claimed that when the motion was filed the appellants had neither filed nor served any abstract or argument; but, to excuse their failure to comply with the rules in that respect, they show that negotiations for a settlement had been pending for some time, and that a stipulation of settlement had been signed by the parties to the action. A complete abstract has since been filed, with an argument for each party, and the cause is now ready for determination on the merits. The stipulation of settlement was not signed by all the parties interested in the judgment, and never became effectual to end the case. There is, now, no reason for disposing of it otherwise than on the merits, and the motion to affirm is overruled."

III. From the foregoing decisions, it readily appears that, prior to the adoption of the Code of 1897, neither the failure to file the transcript, required by statute, nor the abstract, required by the rules of this court, within the time specified by such statute and rules was necessarily fatal to the prosecution of an appeal. However, the Code of 1897, by sections 4118 and 4120 thereof, made the filing of an abstract a statutory requirement and provided for dismissal of the appeal in the event the abstract was not filed within the time specified by statute. The relaxation of the rule, provided for by the Fifteenth General Assembly in 1874, was not carried into the 1897 Code. Under such statutory situation this court, in the case of Newbury v. Getchell & Martin Lbr. Co., 106 Iowa 140, 151, 152, 76 N. W. 514, 518, reverted to the strict rule applied in the early case of Turner v. Hine, supra, 37 Iowa 500, holding as follows:

"Our attention has been called to the fact that under rules which were in force before October, 1897, we frequently refused to dismiss appeals or affirm judgments and orders, on motion founded upon the failure of the appellant to file an abstract and argument within the time required by the rules. We said in Fowler v. Town of Strawberry Hill, 74 Iowa, 644, that 'we are not accustomed to summarily affirm causes, after they are prepared for submission on the part of appellants,

on the ground of delay in presenting abstracts and arguments. If prejudice has resulted to the other party by such delay, redress must be sought in some other way.' The practice thus indicated was founded in large part upon chapter 56 of the Public Acts of the Fifteenth General Assembly, which provided that no appeal to this court should be dismissed, or judgment of the court below affirmed, because the cause was not docketed or transcript filed in this court. if it was made to appear that the appeal was taken in good faith, and not for delay, or if from the conduct of the appellee or his counsel the appellant was induced to believe that no motion to dismiss or affirm would be made. But that provision is not found in the Code, and has ceased to be the law. It is true that although section 19 of the rules of this court in force before October, 1897, required that additional abstracts be delivered to counsel for appellant within ten days after the abstract was received, we rarely sustained a motion to strike from the files an additional abstract served after the time specified. That rule was not statutory, however, but was adopted by this court, and was waived in the interest of justice, when prejudice would not result from the waiver. We are not to be understood as holding that the appellee, in all cases in which the appellant has failed to file an abstract within the time limited, and further time has not been granted. will be entitled to a dismissal or affirmance, on the filing of a motion, with the necessary abstract or transcript. It is undoubtedly true that the right to a dismissal or affirmance may be waived by agreement or consent, or by failing to insist upon it, and perhaps in other ways, and that the appellee may be estopped by his conduct to assert the right. But, where there is no waiver or estoppel, the appellee has the right to insist upon a dismissal or affirmance when he brings himself within the terms of the statute, and that would be true, even though the abstract be on file when the motion is made. In that respect the statute is mandatory. See Turner v. Hine, 37 Iowa 500.''

While there was a change made thereafter in the statutory requirement as to the time of filing an abstract, the re-

quirement for an abstract still remained statutory and failure to observe the statutory requirements was made fatal to the prosecution of an appeal. See sections 12845, 12847, and 12848, Code of 1939. These statutory provisions have been repeatedly applied under the strict rule of Turner v. Hine, supra. In the case of Coggon State Bk. v. Woods, 212 Iowa 1388, 1392, 1393, 238 N. W. 448, 450, this court stated:

"We, as members of this court, are not privileged or authorized to waive or set aside the provisions of the statutory law, in this respect. See Newbury v. Getchell & Martin Lumber & Manufacturing Company, 106 Iowa 140, wherein we made the following pronouncement:

" 'The court cannot waive a statutory rule which the statute does not authorize it to waive.'

"Also see Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766, wherein we said:

" 'This court may, under proper circumstances, waive its own rules, but it has no authority to waive a rule of statute * * *.'

"The provisions of the statute requiring the abstract to be filed within a specified time are not directory but mandatory. See, Turner v. Hine, 37 Iowa 500; Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766; Newbury v. Getchell & Martin Lumber & Manufacturing Company, 106 Iowa 140. Since the statute is mandatory, unless the appellants have complied with the statute within the period of time specified, then the appellee is, as a matter of law, entitled to the alternative relief of either a dismissal of the appeal or an affirmance. Botna Valley State Bank v. Cary, 205 Iowa 913; Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766: Waterloo Sav. Bank v. Town of Redfield, 213 Iowa 871."

And, in the recent case of Miller v. Economy Hog & Cattle Powder Co., 231 Iowa 1369, 1370, 4 N. W. 2d 379, we stated:

"Code section 12847, requiring the abstract to be filed within 120 days, is mandatory and must be complied with in order to invoke the jurisdiction of this court. While we have authority

to waive our own rules under proper circumstances, we are not authorized to waive a statutory requirement such as this. No extension of time within which to file the abstract was asked for or granted. The abstract was not filed until about six months after the appeal was perfected. Some of the cases which support our conclusion are: Herrold v. Herrold, 226 Iowa 805, 808, 285 N. W. 274; Waterloo Sav. Bk. v. Town of Redfield, 213 Iowa 871, 236 N. W. 61; Coggon St. Bk. v. Woods, 212 Iowa 1388, 238 N. W. 448; Farmers St. Sav. Bk. v. Miles, 206 Iowa 766, 768, 221 N. W. 449; Botna Valley St. Bk. v. Cary, 205 Iowa 913, 218 N. W. 926.''

IV. Appellee's motion to affirm this cause is predicated upon the theory that the strict rule, originally applied by this court in Turner v. Hine, supra, which was for a time receded from and thereafter reinstated, should be applied to the provisions of Rules 340 and 342 of the Rules of Civil Procedure, which this court promulgated in pursuance of chapter 311 of the Acts of the Forty-ninth General Assembly. After very careful consideration of the question a majority of this court is disposed to the view that such a strict application of the Rules of Civil Procedure, herein contended for, is neither necessary nor desirable.

The Rules of Civil Procedure, promulgated by this court pursuant to the act of the legislature, had the effect of repealing numerous statutes. The statutes which are repealed appear in Appendix I and the fact that they are repealed has been expressly recognized by this court. Terpstra v. Schinkel, 235 Iowa 547, 551, 17 N. W. 2d 106, 108. Since these Rules of Civil Procedure have the effect of repealing statutory provisions and take the place of such statutory provisions, it might appear that they should be given the same application as statutes. There is force to such theory, with one exception. That exception exists as to certain rules relating to appellate procedure appearing in Division XVI of the Rules of Civil Procedure. In this division of the Rules there are included various rules of procedure which had theretofore existed by virtue of domestic rules of this court and not by virtue of any statutory pro-

vision. This is particularly true of Rules 340 to 353, all of which contain provisions formerly covered by our own rules and very few of which were affected by statutes. This court expressly retained jurisdiction and reserved to itself the right to modify Rules 340 to 353, inclusive, at will and without being required to report them to the legislature, the reservation of power over such rules being set forth in Rule 371 as follows:

"The Supreme Court shall have power to revoke, change or supplement any of these Rules which prescribe the procedure in that court. Under this power the Court may revoke, change or supplement any Rule in Division XVI hereof except Rules 331–339 inclusive. Any such change or addition shall take effect at such time as the Court shall prescribe."

By reason of the foregoing, we are disposed to the view and hold that Rules 340 to 353, inclusive, appearing in Division XVI of the Rules of Civil Procedure, are not to have strict application in the category of statutes but are to have liberal application as though they were in the same category as domestic rules of this court.

The cases above quoted from which interpreted the statutes in effect following the adoption of the Code of 1897 repeatedly recognized that this court has the power to waive strict application of its own rules. In the Newbury case, supra, 106 Iowa 152, 76 N. W. 514, above quoted from, reference is made to the fact that the requirements for the filing of an additional abstract, provided for by the rules of this court, were often waived where no prejudice would result therefrom. Illustrative cases are legion. Thirty-one of them are collected in note 195 under section 12845 in Volume I of the Annotations to the Code of Iowa. Many others could be cited. Pursuant to such holdings, and numerous analogous pronouncements repeatedly made and adhered to, we hold that Rules 340 to 353, inclusive, appearing in Division XVI of Rules of Civil Procedure, are to be applied as rules of this court and not as statutes and that this court has the power to waive them where the interests of justice demand. The question then arises, Should a waiver be indulged in under the record herein?

V. The purpose of providing for the promulgation of new Rules of Civil Procedure is stated in section 1 of chapter 311, Acts of the Forty-ninth General Assembly as follows: ''* * * for the purpose of simplifying the same, and of promoting the speedy determination of litigation upon its merits. * * *'' We should give effect to this purpose.

The criticism of ''the law's delays'' has been often based upon the doctrine that ''justice delayed is justice denied.'' But it is also essential that a proper administration of justice be predicated upon the decision of cases upon their merits wherever possible. On this latter theme this court stated, in the recent case of In re Estate of Price, 230 Iowa 1228, 1236, 300 N. W. 542, 546, as follows:

''There are those who are prone to criticize the courts for making what they condemn as unreasonable and harsh decisions which can be explained only by a strict interpretation of an arbitrary rule of procedure. There are others who champion such decisions with the argument that, for a rule to be just it must operate uniformly, and strict enforcement is necessary to secure the required uniformity. We are disposed to the view that, granting a rule should be uniformly applied, considerations of uniformity through strict interpretation of arbitrary rules of procedure should not be permitted to produce unreasonable or harsh decisions where any other result is reasonably possible.''

Appellee relies upon our recent decision in the case of Schroder v. Claypool, 235 Iowa 135. 138, 139, 16 N. W. 2d 1, 2, in support of her motion to affirm. We have given very careful consideration to the pronouncements therein made and recognize that the language used is such as to strongly indicate that the position of appellee herein is impregnable. While we stated in that case, ''Decisions under the law as it stood immediately and for sometime before the adoption of the Rules of Civil Procedure are not controlling,'' we reviewed several of the decisions above quoted from and indicated that the decisions under the statutes in effect after the adoption of the Code of 1897 are controlling under our present Rules of Civil Procedure. We cited Coggon State Bk. v. Woods, supra, 212

Iowa 1388, 238 N. W. 488, and quoted from Newbury v. Getchell & Martin Lbr. Co., supra, 106 Iowa 140, 142, 149, 76 N. W. 514, 517, and, in line with such decisions, stated as follows:

"We approve this reasoning and hold that after the ninety-day period provided by Rule 342 (a) has expired, without any order for additional time having in the meantime been entered and without any printed record having been filed, neither the district court nor this court has power to *revive* the right to file such record."

The reason given for adhering to the Coggon case and the Newbury case, as applied to our present Rules of Civil Procedure, is stated as follows:

"This interpretation is necessary in order to insure definiteness in the vital matter of fixing the limits of the district court's power over the appeal. .It makes for certainty also in bringing litigation to a conclusion and is in harmony with one of the important purposes of the Rules—the elimination of unnecessary delays in the conduct of litigation."

Upon further study of the Coggon case and the Getchell case, particularly those portions hereinbefore quoted, a majority of this court is now convinced that the underlying basis for the strict, ruthless rule therein applied was that the legislature had provided an arbitrary rule which was mandatory and which could not be waived by this court, because we have no power to waive mandatory statutory provisions. No consideration was given to the fact that Rules 340 to 353 of Division XVI of the Rules of Civil Procedure are not to be applied in the same category of statutes but are to be applied in the category of rules of this court, which can be waived in exceptional cases upon a proper showing. The theory that strict interpretation may lead to uniformity of decisions, applied in the Schroder case, is recognized in the case of In re Price, above quoted from. However, in the Price case we also adhered to the doctrine that, granting a rule should be uniformly applied, considerations of uniformity through strict interpretation of arbitrary rules of procedure will not be permitted to produce

unreasonable or harsh decisions where any other result is reasonably possible. In the Schroder case we gave no consideration to this doctrine and stated that we were not concerned "with the sufficiency of the reasons or excuses urged by appellants to justify their delay and to entitle them to an extension of time." The facts in the Schroder case were very different from those presented by the record herein. Had we given consideration to the sufficiency of the excuses asserted we probably would have found them insufficient. However, a majority of this court is now persuaded to the view that the refusal to consider them in the Schroder case was erroneous and that that part of the case should be overruled.

VI. We turn now to the sufficiency of the reasons or excuses urged by appellant herein to justify or explain the delay in filing copies of the printed record herein. Essentially, the facts are these: The notice of appeal was filed November 18, 1944. On December 11, 1944, a stipulation was executed by counsel for appellant and appellee as follows:

"It is stipulated and agreed by and between plaintiff and defendant, by their respective counsel, that the court may, without any hearing or notice to plaintiff grant such longer time than is allowed by Rule 342 of the Iowa Rules of Civil Procedure as the defendant may request within which to file printed record herein."

Pursuant to such stipulation, on February 5, 1945, the trial court extended the time to file the printed record to April 18, 1945, and, on April 14, 1945, when the record was settled by the trial court, it granted an extension to April 21, 1945. The printing of the record presented some difficulties, and, in view of the shortness of time, counsel for appellant arranged with the printer to file the record for him. The printing of the record was completed on April 19, 1945, and, as above stated, on that day the rule copies were filed with the clerk of this court by the publishing company. Through oversight the service copies to the clerk of the trial court were not dispatched on that day and did not reach the clerk's office at Clinton until April 24, 1945.

Obviously, appellee was not prejudiced by the delay in

filing the printed record. The time allowed by the trial court postponed the date of filing the printed record well beyond the "dead line" for cases to be submitted at the May 1945 term of this court. The record was filed in ample time for submission at the first period of the September term, the next term to be held by this court. There is no basis for any claim of prejudice and none is made. Appellant has prosecuted her appeal in good faith and without unreasonable delay. The showing made to excuse the delay of three days equals that of any case wherein this court has heretofore waived strict compliance with its rules. As we hold that we are in a position where we can waive the strict compliance with Rules 340 and 342 of the Rules of Civil Procedure, we accordingly hold that such waiver is now in order and the motion to affirm is overruled.

VII. In appellee's motion to dismiss this case, paragraphs 9 and 10 assert that the cause should be dismissed because of the failure to comply strictly with the provisions of Rule 342, relating to the filing of the printed record in the trial court. This contention is without merit for the same reasons we have discussed in overruling the motion to affirm.

VIII. The other grounds for the motion to dismiss are: The appeal was prematurely taken, before final judgment had been entered, without securing an order allowing the appeal pursuant to Rule 332 of the Rules of Civil Procedure, and is prohibited by Rule 331, and, no appeal having been taken from the final judgment and time for appeal having expired, the questions presented by the appeal are moot. We find no merit in such contentions.

Rule 331(a) provides that, "All final judgments and decisions of courts of record * * * may be appealed to the Supreme Court" except those lacking the jurisdictional amount fixed in Rule 333. Paragraph (b) provides: "No interlocutory ruling or decision may be appealed, except as provided in Rule 332, until after the final judgment or order." No attempt was made to proceed under Rule 332, relating to interlocutory orders. If the decree of October 21, 1945, herein, was an interlocutory order, as contemplated by Rule 331(b), the motion to dismiss is good. However, if such decree was a final order, as contemplated by Rule 331(a), the motion must be overruled. We

hold that it was a final order within the contemplation of Rule 331(a). In Phillips v. Catterson, 235 Iowa 715, 719, 17 N. W. 2d 517, 520, we quote from the New Century Dictionary the definition of "interlocutory" as being "not finally decisive of a case." The decree of October 21, 1944, was not in that category. It was decisive of the case.

In the answer of appellant, Division III asserted the contract between appellant and her deceased husband and was the only division of her answer which asserted facts that would entitle her to the proceeds of the five insurance policies herein. The action had been commenced at law. Appellee moved the court to transfer the issues presented by Division III of appellant's answer to equity. The motion to transfer was sustained. The issues were tried in equity and a decree was entered adjudicating that appellant had not established the contract upon which she relied. The entry of judgment, awarding the proceeds of the insurance to appellee, was a mere formality because the decree, adjudicating the equitable issues, was decisive of the litigation.

The situation is somewhat analogous to the entry of an order sustaining a defendant's motion for a directed verdict in an action tried to a jury. Under our former statute, section 12823, Code, 1939, we held repeatedly that an order sustaining such a motion was appealable because it was "an intermediate order involving the merits or materially affecting the final decision." Kayser v. Occidental Life Ins. Co., 231 Iowa 620, 1 N. W. 2d 715, and cases cited therein. One of the cases therein quoted from is that of State v. McDougal, 193 Iowa 286, 287, 186 N. W. 929, 930, wherein we stated:

"At the outset, appellee raises the question that this court has no jurisdiction to entertain the appeal, for the reason that no final judgment was entered against the State. The record does not show a final judgment against the State for costs. But, as said, the court sustained defendant's motion for a directed verdict of acquittal, and directed the jury to return such a verdict, and such verdict was signed and returned to the court, as directed. This was final as to the defendant."

For the same reasons as above stated, the decree which

adjudicated the equitable issues herein was final as to appellant's claim to the proceeds of the insurance policies herein. That decree was a final order within the contemplation of Rule 331(a). Accordingly, the questions presented by this appeal are properly before us and there is no merit in the motion to dismiss the appeal herein.

By reason of the foregoing, appellee's motion to affirm and motion to dismiss are both overruled.—Motions overruled.

GARFIELD, MULRONEY, HALE, BLISS, MANTZ, WENNERSTRUM, and OLIVER, JJ., concur.

SMITH, J., dissents.

SMITH, J. (dissenting)—Less than a year ago we deliberately filed an otherwise unnecessary written opinion solely in order to state our own interpretation of Rules 340 and 342 of our Rules of Civil Procedure. Schroder v. Claypool, 235 Iowa 135, 136, 16 N. W. 2d 1. We were then, as now, passing on a motion of appellee to affirm the decision of the trial court for appellant's failure to comply with Rule 342. Although written opinions in such matters are not ordinarily resorted to, we thought *"the questions of sufficient importance and interest to the profession to warrant a published opinion."* All justices concurred.

The opinion has stood for nine months and is now being overruled upon the theory that we then failed to take into account considerations that now seem controlling. I am fearful the real reason is that we have thus promptly come upon a case of seemingly greater hardship.

The assumption that we failed a few months ago to know or remember that certain of our rules were "domestic" and not statutory in character is not accurate. We were confronted then, as we still are, with a rule on its face clearly *mandatory* and not merely directory:

"If the printed record is not filed by the appellant with the Clerk of the trial court within ninety days after filing the notice of appeal or within such further time as fixed by the trial court, the appellee may file with the Clerk of the Supreme

Court a copy of the final judgment or order appealed from * * * and cause the case to be docketed, and the appeal upon motion shall be dismissed, or the judgment or order affirmed.'' Rule 342(c).

There is in this rule no suggestion that circumstances might be such as to excuse strict compliance or justify our waiving it. It supersedes section 12848, Iowa Code, 1939. Its language is identical with that of the Code section except for such formal change as was necessary to adapt it to the changed appellate procedure. It should have the same construction as was placed on the superseded statute. People v. Malone, 213 Cal. 406, 2 P. 2d 332.

There is and was every reason to assume that the new rule is just as mandatory as was the statute it superseded. Both are rules of procedure. The fact that we have (by Rule 371) asserted a retained right ''to revoke, change or supplement'' those rules relating to our own procedure should not be held to authorize us to disregard or waive one of them which we deliberately made mandatory in language and modeled after a former one which we had held mandatory. In fact, it has been suggested that a rule readily amendable should for that very reason be the more carefully construed so as not to do violence to its language. Gray v. Davidson, 15 Wash. 2d 257, 130 P. 2d 341, 136 P. 2d 187.

Our Rule 342(c) prescribes a *right* which appellee may exercise, not merely a procedure to be followed by us. It may be agreed that Rules 342(a) and (b), standing alone, could be waived by us. Standing alone they would not be mandatory. But by 342(c) we granted appellee a right which would arise if appellant did not comply with 342(a). In my judgment we should not deny that right once it has accrued in an individual case. Our right to amend the rule, applicable to future cases, is undoubted. But I question the soundness of amending, under the guise of waiver, so as to make the amendment relate back and apply to a case in which rights have already accrued.

In Division IV, second paragraph, of the majority opinion, Rules 340 to 353 are referred to as having originated from our

own former rules, "very few of which were affected by statutes." Rule 342(c) does not come within that description. It is based squarely upon Code section 12848. If it is a "domestic" rule now, it was, in character, one then. If it was formerly statutory, it is still statutory in character, notwithstanding our reservation in Rule 371 of the right to amend it, effective "at such time as the Court shall prescribe." The nature of the rule is fixed by its language and context and not by any reservation made by us. Whether it is "domestic" or statutory does not matter. That it is mandatory does.

The majority opinion refers to the cases in which we have said: " 'This court may, under proper circumstances waive its own rules * * *.' " Coggon State Bk. v. Woods, 212 Iowa 1388, 1393, 238 N. W. 448, 451, citing Newbury v. Getchell & Martin Lbr. Co., 106 Iowa 140, 76 N. W. 514. See, also, Miller v. Economy Hog & Cattle Powder Co., 231 Iowa 1369, 4 N. W. 2d 379, and Farmers State Sav. Bk. v. Miles, 206 Iowa 766, 768, 221 N. W. 449. The words "under proper circumstances" should be underscored. Surely they should be held effective to forbid waiver of a rule that gives an appellee an unqualified and unconditional right to a dismissal of the appeal or an affirmance of the decision in his favor. That rule is just as mandatory now as it was when embodied in the statute.

The distinction between mandatory and directory applies in the construction and application of court rules as it does in relation to statutes. The proposition is variously stated in 21 C. J. S., Courts, sections 176a, 177b, 178a:

"There is a distinction, however, between mandatory and directory rules; a mandatory rule which limits the power of the court as well as the parties must be complied with, and acts not complying therewith are void; but where a rule is merely directory it does not render the doing of a prescribed act at a different time or in a different manner void." Section 176a.

"Rules which are enacted by virtue of constitutional or statutory authority, and which are mandatory in their terms, should be construed in the same manner as statutes * * *. Strict interpretation will be given to provisions that are aimed to protect the rights of the parties; but provisions intended

only for the convenience of, and aid to, the court should be liberally construed." Section 177b.

"While some authorities hold that a court has no power to suspend or modify its rules in a particular case, others hold that a court may exercise such power when justice so requires." * * *

"This conflict of authority is, however, more apparent than real, for while the cases do not always bring out the distinction clearly, the general tendency appears to be toward an opinion that the power of a court to modify or suspend its rules in particular cases depends largely on the character of the rule, the principle being that rules which are merely directory * * * may be dispensed with when the ends of justice so require, but rules which are mandatory must never be dispensed with in an arbitrary manner in cases where it will operate to the prejudice of the parties, or tend to unsettle the established practice of the court." Section 178a.

I have quoted at length from the text as a convenient way to avoid the still longer process of analyzing the many decisions. The soundness of the proposition stated seems to me beyond question. The text of 15 C. J. 909–913 is of similar tenor.

Reference is made in the opinion of the majority to the statement in Division I of the opinion in Schroder v. Claypool, supra, 235 Iowa 135, 138, 16 N. W. 2d 1, 2:

"Decisions under the law as it stood immediately and for sometime before the adoption of the Rules of Civil Procedure are not controlling."

Following that it is pointed out that we nevertheless did rely on such former decisions.

We were confronted in that case by two motions: 1. Appellant's application, filed after the expiration of the ninety-day period allowed by Rule 342(a), for additional time to prepare and file the record; and 2. appellee's motion to dismiss appeal or affirm the decision of the trial court under Rule 342(c).

The quoted language from the Claypool case referred to the difference between Rule 342(a) and Code section 12847 in that the latter *expressly* provided that extension of time for filing

would only be granted *before* the expiration of the statutory time, which language is not found in the rule. We were there discussing appellant's tardy application for additional time in which to prepare and file the record. We were construing Rule 342(a). For that purpose we properly resorted to decisions under statutes that did not *expressly* require that the extension order precede the expiration of the stated period of time, because Rule 342(a) did not *expressly* so provide.

It was not, however, suggested that decisions involving Code section 12848 would not be helpful in determining the effect to be given Rule 342(c). On the contrary, it was assumed that said rule should be construed the same as the corresponding Code section 12848. Both were mandatory in form and designed to serve the same purpose. If there was mischief in the statute as it had been construed, the rule should have corrected it. Such correction should not be made by giving the similar language of the rule a different construction.

A case quite in point is State ex rel. Burg v. City of Albuquerque, 33 N. M. 184, 262 P. 225. In that case a mandatory statutory rule had been repealed and superseded temporarily by an identical court rule pending a general revision of rules. It was held that adoption of the language of the old statutory rule adopted with it the interpretation of its mandatory character. "Even if the rule lacked the background of statute and decision, it may be doubted whether we should be justified in disregarding it merely to enable us to satisfy our sense of justice in a hard case." Opinion on second motion for rehearing, 262 P. 226.

A similar case is People v. Malone, supra, found in 213 Cal. 406, 2 P. 2d 332. I quote from the headnote [2 P. 2d 332, headnote 2] that is accurate:

"Provisions of court rule following substantially language theretofore used in repealed law are to be interpreted in same manner."

It is a sound rule of construction. We held Code section 12848 to be mandatory. Coggon State Bk. v. Woods, supra, 212 Iowa 1388, 238 N. W. 448. Rule 342(c) practically re-enacted the

statute without any change of language to soften its application as so construed. By what other or better light should we be guided in construing the rule?

We are, of course, not absolutely bound by stare decisis here any more than we would be upon any other proposition of law. But we are under a peculiar responsibility because we are not merely concerned with our own prior decision but with a court rule promulgated by ourselves in plain, unmistakable, and mandatory language. If that rule is now found to be too harsh and inelastic, we have reserved the power to ourselves, by Rule 371 (if indeed we had not the inherent power) to amend it.

It may be conceded freely that if the procedure is to be amended so as to provide against unexpected and excusable contingencies this case furnishes a fair example that would justify such modification. But the change should be made in an orderly way and not by indirection. It should be prospective, not retrospective. We have heretofore assumed that the liberal provisions for obtaining extensions of time in which to settle, print, and file records were sufficient protection against unforeseen casualty. If experience has shown that, in fairness to litigants, a more elastic procedure should be provided, the way for doing it is plain. We should follow that method. By so doing I submit we will more surely retain the respect of the profession for our rules, perhaps for the court itself.

I respectfully dissent and would sustain appellee's motion to affirm.